Herbert Lynch, Appellant *v.* Michael Johnston, District Attorney and William R. Hurley, State Trooper, Pennsylvania State Police, Appellees.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Herbert Lynch,* for himself.

*John B. Mancke,* with him *Douglas B. Marcello, Mancke, Lightman & Wagner,* for appellee, Michael Johnston, District Attorney.

*David F. Snyder,* Deputy Attorney General, with him *Herbert L. Olivieri,* Chief, Torts Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for appellee, William R. Hurley, State Trooper, Pennsylvania State Police.

MEMORANDUM OPINION BY JUDGE MACPHAIL, July 27, 1983:

This action was commenced in Juniata County in June of 1982 when Plaintiff,[1] Herbert Lynch, filed a pleading entitled "Class Action in Trespass and Torts, Joint Complaint", the caption of which listed "Michael Johnston, District Attorney and William R. Hurley, Trooper, Penna. State Police", as Defendants.[2] Attached to the pleading are certain exhibits including a copy of an application for a nolle prosequi signed by Mr. Johnston as District Attorney and a copy of a criminal complaint signed by Mr. Hurley as a Pennsylvania State Police Trooper.

Preliminary objections were filed to the pleading by both named Defendants. Before the objections were ruled upon, Plaintiff filed a paper entitled "Amendment of Complaint" and a motion to strike the Defendants' preliminary objections. Other preliminary objections were filed whereupon the learned trial judge, with due regard for Plaintiff's pro se status,[3] filed an order supported by a memorandum which disposed of the motions then before the court

---

[1] Appellant herein.

[2] Appellees herein.

[3] The trial judge's order said in pertinent part:

[I]t is further ordered and decreed that Plaintiff, proceeding pro se, should not and will not be strictly held to the formal rules of Civil Procedure as they apply to and govern this case. Plaintiff should, however, make every effort to comply with the rules as he understands them.

and accepted Plaintiff's "Amendment of Complaint" as an amended complaint.

Thereafter, with leave of court, Plaintiff filed to the same term and number a pleading entitled "Action in Trespass and Torts, Joint Complaint, Amended Complaint". The caption of this pleading named the Defendants as Michael Johnston and William R. Hurley without further identification. Both Defendants again filed preliminary objections. The trial judge, again with due regard for Plaintiff's pro se status, sustained Defendants' preliminary objections in the nature of a demurrer and dismissed the Plaintiff's amended complaint with prejudice. This appeal followed.

Plaintiff's amended complaint contains 3 counts preceded by several paragraphs under the heading of "Facts". Since Pennsylvania adheres to fact as opposed to notice pleading, we must determine whether the trial judge correctly ruled that even if all the facts alleged by the Plaintiff and the fair inferences therefrom were true, Plaintiff, as a matter of law, failed to state a cause of action against either Defendant; and that both Defendants were entitled to official immunity.

Paragraph 4 of the complaint states that Plaintiff was charged in 1980 with forgery by Trooper Hurley and that Mr. Johnston was at the hearing before a district justice when the case was dismissed because the Commonwealth failed to make out a prima facie case. The next paragraph of the complaint states that in March of 1981, Plaintiff was charged with forgery and theft by deception by Trooper Hurley and that Mr. Johnston was again present at the hearing on that matter before a district justice of the peace. The next paragraph states that Mr. Johnston

12

filed a nolle prosequi which was granted by the trial judge. The complaint states that these actions by the Defendants constituted false arrest, malicious prosecution, illegal detention, invasion of privacy and prejudice to the Plaintiff's rights. It is further alleged that as a result of Defendants' actions, Plaintiff suffered physical harm and mental anguish entitling him to compensatory and punitive damages. The complaint concludes with Plaintiff's views on the issue of official immunity and a statement that the exhibits attached to the original complaint were to be used to support the amended complaint.

Malicious prosecution will lie where criminal proceedings are instituted maliciously and without reasonable or probable cause. *Stinson v. Smith*, 329 Pa. 177, 196 A. 843 (1938). The mere fact that there was an acquittal or other termination of criminal proceedings in favor of the accused does not make out a prima facie cause of malicious prosecution against the party who instituted the proceedings. *Id.* A necessary element of the action of malicious prosecution is special injury, that is, interference with or injury to the Plaintiff's person, property or reputation. *Byers v. Ward*, 368 Pa. 416, 84 A.2d 307 (1951); *King v. Bernstein*, 199 Pa. Superior Ct. 180, 184 A.2d 510 (1962). It will be observed in the case sub judice that the Plaintiff has alleged nothing more than the dismissal of two criminal processes, both of which were instituted by Trooper Hurley. The facts that Mr. Johnston was present at the hearings before the district justice in both cases and that he subsequently nolle prossed one of them simply is not enough to make out a cause of action for malicious prosecution. While Plaintiff states that he has suffered pain, both physical and mental, such general allegations do not, without more, constitute special injury.

For an action of false arrest to succeed, it must appear that the process used for the arrest was void on its face or that the issuing tribunal was without jurisdiction; it is not enough that the charges were unjustified. As we have noted, the only factual allegations by the Plaintiff are that the processes used were dismissed, one by action of the district justice and the other by action of the trial judge. That is not enough to set forth a cause of action.

The right of privacy is a qualified right to be let alone; but to be actionable, the invasion of that right must be unlawful or unjustifiable. The right to privacy must bow to a reasonable exercise of the police power. 62 Am. Jur. 2d *Privacy* §17 (1972). Here, Plaintiff's complaint is bare of facts which would demonstrate an invasion of his privacy. There can be no doubt that there may be instances where the circumstances of an unlawful arrest may constitute an invasion of privacy but no such circumstances are pleaded here. The same holds true with respect to Plaintiff's bald assertions of illegal detention and prejudice to his "rights".[4]

Concerning official immunity, we note that the matter is raised by preliminary objection contrary to the provisions of Pa. R.C.P. No. 1030 but that case law is to the effect that in circumstances such as those present here, this Court will consider the merits of the objection. *Swartz v. Masloff,* 62 Pa. Common-

---

[4] In his brief to this Court, Plaintiff argues that the trial court failed to consider his civil and constitutional rights argument. Except for the statement that such rights were violated, there is nothing in the amended complaint which would warrant discussion of such civil and constitutional rights. Much of Plaintiff's brief is devoted to a discussion of the Civil Rights Act, 42 U.S.C. §1983. We must note again the complete absence of any factual allegations which would form the basis of cognizable rights under that statute.

wealth Ct. 522, 437 A.2d 472 (1981). By incorporating the exhibits of his original complaint into his amended complaint, Plaintiff has removed any mystery his amended pleading may have stimulated by not identifying the Defendants in their official capacities. Chapter 85 of the Judicial Code, 42 Pa. C. S. §§8501-8564 and particularly Sections 8546(2) and 8550 provide that in the absence of conduct constituting a crime, actual fraud, actual malice or willful misconduct, factual averments of which are absent in Plaintiff's complaint now before us, an employee of a governmental agency has official immunity available as a defense if his conduct was authorized or required by law. It goes without saying that police are authorized to make arrests and that district attorneys may attend hearings and hand up nolle prosequis. We conclude that the trial court did not err in holding that official immunity applies to the instant case.[5]

We next examine whether the trial court abused its discretion when it decided the issue in this case without the benefit of oral argument. We conclude that it did not, oral argument not being a matter of right.

Our final inquiry is whether the trial court abused its discretion when it concluded that Claimant could not successfully plead a cause of action after three attempts to do so when the two arrests which were terminated in Plaintiff's favor constituted the sole factual basis for the commencement of this suit. We believe the trial judge gave the Plaintiff more leeway

[5] We take no position with respect to Plaintiff's argument that official immunity does not apply to actions brought pursuant to the provisions of the Federal Civil Rights Act, since we have found that there are no factual averments in Plaintiff's complaint to support such a cause of action.

than he may have expected to receive. At the very least, there was no abuse of discretion.

Order affirmed.

### ORDER

The order of the Court of Common Pleas of the 41st Judicial District of Pennsylvania—Juniata County Branch, entered November 5, 1982, is affirmed.