Julian HEICKLEN, Appellant

v.

**District Magistrate Dan HOFFMAN, Centre County.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 8, 2000.
Decided Oct. 24, 2000.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Julian Heicklen, appellant, pro se.

Louis C. Long, Pittsburgh, for appellee.

BEFORE: COLINS, Judge,
PELLEGRINI, Judge, McCLOSKEY,
Senior Judge.

McCLOSKEY, Senior Judge.

Julian Heicklen (Appellant), appeals from an order of the Court of Common Pleas of Centre County (trial court), dismissing with prejudice Appellant's petition for damages for excess bail. We affirm.

On June 22, 1998, Appellant was smoking a hand-rolled cigarette, in front of the Centre County Courthouse, on East High and Allegheny Streets in Bellefonte. Officer Maurice McGarvey (Officer McGarvey) approached Appellant to speak with him. Appellant remained silent. Officer McGarvey took the remainder of Appellant's cigarette and conducted a field test on it. The cigarette tested positive for marijuana. Officer McGarvey arrested Appellant, charging him with possessing a small amount of marijuana.

Appellant was brought before District Justice Dan Hoffman (District Justice) who set bail at $10,000. Appellant did not post bail and was, therefore, incarcerated in the county jail. On June 26, 1998, Appellant, believing the bail set by the District Justice was excessive, sought to modify the bail order. Pursuant to Pa. R.Crim.P. 4008(b)(1), President Judge Charles C. Brown, Jr., of the trial court, reduced bail to $1,000.[1]. Appellant posted bail and was released from jail.

On June 29, 1998, Appellant filed a *pro se* petition for damages for excess bail in the trial court, claiming that the bail amount set by the District Justice was excessive and thereby, violated the Eighth Amendment to the United States Constitution[2] and Article I, § 13 of the Constitution of the Commonwealth of Pennsylvania.[3] On February 22, 2000, the trial court dismissed Appellant's petition with prejudice for failure to set forth a cause of action. The trial court noted that it was within the District Justice's discretion to set bail and that the District Justice is immune from liability.

On March 8, 2000, Appellant appealed to the Superior Court of Pennsylvania (Superior Court). Appellant also amended the petition to include damages for legal expenses. On April 4, 2000, Centre County (County) filed an objection to jurisdiction and a motion to transfer, arguing that this Court has exclusive appellate jurisdiction over this matter. On April 26, 2000, the Superior Court transferred this matter to this Court.[4]

▮ Appellant now appeals to this Court,[5] arguing that the bail set by the

---

1. Pa.R.Crim.P. 4008(b)(1) provides, "The existing bail order may be modified by a judge of the court of common pleas: (1) at any time prior to verdict upon motion of counsel for either party with notice to opposing counsel and after a hearing on the motion...."

2. The Eighth Amendment of the United States Constitution provides, "Excessive bail shall not be required...." U.S. Const., amend. VIII. Article I, § 13, of the Pennsylvania Constitution provides the same.

3. Appellant alleges that he is entitled to approximately $671,370 in damages. Appellant seeks to recover for four days in prison, humiliation and emotional distress, legal fees, interest, the time spent preparing for and attending a hearing, copying and postage costs, and punitive damages.

4. We note that counsel never entered an appearance on behalf of the District Justice and that no brief was filed on his behalf.

5. The trial court's dismissal of Appellant's complaint resulted from the conclusion that the facts of the petition, as averred, did not make recovery possible. Accordingly, we will treat the trial court's decision as one sustaining preliminary objections in the nature of a demurrer; thus, our scope of review is limited to whether the trial court abused its discretion or committed an error of law. *Faust v.*

District Justice was excessive and that his constitutional rights were violated. In response, the County argues that both it and the District Justice are immune from liability. We agree.

■ District Justices are officers of the Commonwealth, not the counties in which they sit. *See* Article V, § 1 of the Pennsylvania Constitution (stating that justices of the peace are part of the Commonwealth's unified judicial system) and Article V, § 16 of the Pennsylvania Constitution (providing that district justice salaries are to be paid by the Commonwealth). It follows that the Commonwealth and its officials acting within the scope of their duties enjoy sovereign and official immunity and are immune from suit except where the legislature specifically provides otherwise.[6] The legislature specifically waived sovereign immunity in nine areas pursuant to Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b).[7] Hence, to the extent that Appellant's petition can be viewed to allege liability against the Commonwealth or the District Justice as a Commonwealth official, it is clear that it does not fall within one of the enumerated exceptions.[8]

Furthermore, in *Praisner v. Stocker,* 313 Pa.Super. 332, 459 A.2d 1255 (1983), the Pennsylvania Superior Court extended the doctrine of judicial immunity to cover the acts of a district justice performed in a judicial capacity. In this regard, the Superior Court discussed the underlying principle behind judicial immunity in *Feingold v. Hill,* 360 Pa.Super. 539, 521 A.2d 33 (1987), *petition for allowance of appeal denied,* 515 Pa. 607, 529 A.2d 1081 (1987), stating:

> The rationale in support of this protection is obvious: If magistrates are to be free to exercise their discretion and apply their understanding of the law to the facts before them, they must be granted such a measure of independence that they are not compelled to respond in damages for mistakes honestly made, provided they have not acted beyond the pale of their authority.

*Id.* at 36. We believe that this reasoning applies to district justices as well and, consequently, that the District Justice in this action is therefore immune from suit.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 24th day of October, 2000, the order of the Court of Common Pleas of Centre County is hereby affirmed.

---

*Department of Revenue,* 140 Pa.Cmwlth. 389, 592 A.2d 835 (1991), *petition for allowance of appeal denied,* 530 Pa. 647, 607 A.2d 257 (1992).

6. Section 2310 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 2310, reaffirms sovereign immunity providing:

> Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

7. The nine exceptions to sovereign immunity, as provided by 42 Pa.C.S. § 8522(b), are: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody and control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines.

8. For the same reasons, any argument that Appellant may posit regarding the County's liability via the theory of respondeat superior is similarly rejected.