**David CIMINO, Appellant,**

v.

**Dominick D. DiPAOLO.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 2001.

Decided Nov. 1, 2001.

Kevin W. Barron, Erie, for appellant.

David M. Donaldson, Philadelphia, for appellee.

Before COLINS, J., FRIEDMAN, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

David Cimino (Appellant) appeals from an order of the Court of Common Pleas of Erie County (trial court), sustaining the preliminary objections filed by Dominick D. DiPaolo (DiPaolo), and dismissing Appellant's complaint. We affirm.

Appellant is the constable for the Sixth Ward of the City of Erie located in Erie County, Pennsylvania. DiPaolo is the district justice for the Sixth Ward. On March 9, 2000, Appellant filed a writ of summons against DiPaolo. On April 17, 2000, Appellant filed a civil complaint against DiPaolo sounding in defamation. Preliminary objections were filed on April 28, 2000, and Appellant responded by filing an amended complaint alleging that DiPaolo had falsely asserted that Appellant improperly overcharged Erie County with regard to his fees. The amended complaint further alleged that DiPaolo contacted several state and local law enforcement agencies and wrote a letter to the president judge of the trial court in support of his fallacious belief in Appellant's improper billing practices.[1] Finally, Appellant alleged that DiPaolo's allegations were untrue and reckless and wanton in nature. Appellant sought punitive damages in excess of $30,000.00 plus costs.

DiPaolo filed preliminary objections in the nature of a demurrer to the amended complaint, alleging that his actions and statements were immune from liability pursuant to Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522. Appellant filed preliminary objections to DiPaolo's preliminary objections and DiPaolo filed a response.

Thereafter, the trial court heard oral argument on whether DiPaolo could raise the defense of sovereign immunity as a preliminary objection or whether it had to be pleaded as an affirmative defense. Appellant argued that the defense had to be pleaded as a new matter and could not be raised in preliminary objections.

On August 23, 2000, the trial court sustained DiPaolo's preliminary objections and dismissed Appellant's complaint. The trial court's opinion provides:

> DiPaolo is a judicial officer of this Commonwealth and duty-bound to uphold its laws. In this particular instance and regardless of his motives, DiPaolo brought what he perceived to be improper billing practices to the proper authorities so that the claims could be investigated. Whether there was or was not any improper billing by [Appellant] does not control whether DiPaolo is covered by governmental immunity. Simply put, DiPaolo, at all relevant times, was acting in his official capacity as an Erie County District Justice. Therefore, he has immunity for his actions.

(Trial Court's Opinion at 5). The trial court further concluded that DiPaolo properly raised the defense of sovereign immunity in preliminary objections.[2] Appellant appealed.

On appeal to this Court,[3] Appellant argues that DiPaolo is not protected by the defense of sovereign immunity in this defamation suit since he acted outside the scope of his duties and powers. Specifically, Appellant asserts that DiPaolo has conditional immunity because DiPaolo's action in initiating an investigation into alleged criminal matters committed by a

---

1. Despite the investigations of these various offices, no charges were filed against Appellant.

2. Appellant filed a motion for reconsideration with the trial court which was subsequently denied.

3. Our scope of review is to determine whether on the facts alleged the law states with certainty that no recovery is possible. *Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993). We must accept as true all well pled allegations and material facts averred in the complaint as well as inferences reasonably deductible therefrom any doubt should be resolved in favor of overruling the demurrer. *Id.*

constable are not included within the administrative or judicial functions of a district magistrate. We disagree.

■ We note that the trial court and the parties mistakenly use the terms sovereign immunity and governmental immunity interchangeably; however, district justices are employees of the Commonwealth, not the counties in which they sit. *Heicklen v. Hoffman*, 761 A.2d 207, 209 (Pa.Cmwlth.2000). The Commonwealth and its officials acting within the scope of their duties enjoy sovereign immunity and are immune from suit except where the legislature specifically provides otherwise. *Id.* The legislature specifically waived sovereign immunity in nine areas pursuant to Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b).[4] It is clear that Appellant's complaint alleging defamation does not fall within one of the enumerated exceptions. Thus, DiPaolo is protected by sovereign immunity if it is determined that he was acting within the scope of his duties.

The adjudicative responsibilities of a district justice include being faithful to the law and maintaining competence in it. Additionally, a district justice shall not be swayed by partisan interests, public clamor or fear of criticism. *See* Rule 4(A) of the Rules of Conduct, Office Standards and Civil Procedure for District Justices. Moreover, a district justice has the administrative responsibility to maintain competence in judicial administration and facilitate the performance of the administrative responsibilities of his staff and of other members of the judiciary and court officials. *See* Rule 5(A) of the Rule of Con-

duct, Office Standards and Civil Procedure for District Justices.

■ Since a district justice and constable work closely together in their official capacities, either may have the opportunity to witness possible unlawful activity on the part of the other. Clearly, DiPaolo had the responsibility to report Appellant's alleged improprieties to the proper authorities when he first suspected the alleged wrongdoings. Moreover, the record reflects that DiPaolo reported the allegations only to officials that would have the authority to investigate such matters. Furthermore, since all documents refer to DiPaolo as "District Justice DiPaolo", it is apparent that DiPaolo made these allegations against Appellant, another official, in his official capacity as a district justice. Therefore, we believe that DiPaolo's actions were within the scope of his official duties and he is thus immune from liability.

Accordingly, the order of the trial court is hereby affirmed.

### ORDER

AND NOW, this 1st day of November, 2001, the order of the Court of Common Pleas of Erie County is hereby affirmed.

---

**4.** The nine exceptions to sovereign immunity, as provided by 42 Pa.C.S. § 8522(b), are: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody and control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines.