

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-10-2003

# Coleman v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1280

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Coleman v. Philadelphia" (2003). *2003 Decisions*. Paper 121.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/121

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1280
_____

SHAWN COLEMAN,

Appellant

v.

CITY OF PHILADELPHIA; BETH
JONES; MIMI ROSE, ASST DIST
ATTORNEY, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(Civil Action No. 02-CV-201)
District Judge:  The Honorable Clarence C. Newcomer
_____

Submitted Under Third Circuit LAR 34.1(a)
November 6, 2003

BEFORE: McKEE, SMITH, and GREENBERG, Circuit Judges,

(Filed: November 11,  2003)

_____

OPINION OF THE COURT

_____

SMITH, Circuit Judge.

Appellant Shawn Coleman challenges the decision of the District Court to grant summary judgment in his suit against the City of Philadelphia ("the City") and Beth Jones ("Jones").[1] That suit alleged violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Civil Rights Act of 1871, 42 U.S.C. § 1983, as well as malicious prosecution by the City, and malicious prosecution and false arrest and imprisonment by Jones.[2]

The issues raised on appeal include (1) whether the District Court properly found that Coleman's discovery requests were untimely or that Coleman had ample opportunity to conduct discovery; (2) whether the District Court's grant of summary judgment was appropriate; and (3) whether the District Court's denial of Coleman's Motion for Reconsideration was proper. We conclude that the District Court correctly resolved all three issues, and we affirm the grant of summary judgment for the City and Jones on all of Coleman's claims.

_____

[1] The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Assistant District Attorney Mimi Rose was also named in the suit, but the charges against her were dismissed separately and that decision is not challenged by appellant.

2

I.

Coleman was employed as a police officer for the City of Philadelphia until his arrest in connection with a domestic dispute involving fellow officer Beth Jones. Following an Internal Affairs Division ("IAD") investigation, the District Attorney requested a warrant for Coleman's arrest, which was approved by the Bail Commissioner.

In accordance with the Department's uniform policy requiring automatic dismissal of any police officer who is arrested, regardless of the outcome of the underlying criminal matter, Coleman received notice of his dismissal from the Department on January 13, 2000, the day of his arrest. Coleman was later found not guilty following trial and was reinstated to the Department with full back-pay and benefits.[3] Notwithstanding that result, Coleman alleges, *inter alia*, that the City's customs, practices or policies relating to his dismissal from the Department following the dispute with Jones were applied in a racially motivated manner against black police officers.

II.

On October 8, 2002, the parties attended a pretrial conference during which, according to both parties, the District Judge met with counsel and set a discovery deadline

---

[3] The arbitrator based that decision on his determination that Coleman's version of the incident was more credible than Jones' account.

of October 31, 2002 and a trial date of November 5, 2002.[4]  During that conference, Coleman's counsel requested that the time for discovery be extended to at least thirty days but the District Judge denied that request.  One day before the deadline for the completion of discovery, Coleman's counsel issued her first set of discovery requests.[5]  On the deadline for completion of discovery, Coleman's counsel served notice of the deposition of Beth Jones, to be held at 11 a.m. that day.

Coleman's counsel suggests that because the Rule 16 order was not entered, she should be excused from complying with the deadlines set for completion of discovery. While we note that Rule 16(e) states that "an order shall be entered reciting the action taken," counsel for both parties attended the October 8th conference and neither disputes the October 31 deadline for the conclusion of discovery.  Had Coleman's counsel harbored any doubts as to whether changes had been made to the discovery schedule in the interim, there was nothing to prevent her from making appropriate inquiries with either the clerk or opposing counsel.

---

[4] The pretrial order from that conference was never entered, but on October 24, 2002, the District Court faxed an Order dated October 9, 2002 to Coleman's counsel.  Because Coleman's counsel had moved to a new office without informing the court of her new contact information, she did not actually receive that Order until October 30, 2002.  The record is silent on whether the Court had attempted unsuccessfully to forward the Order to her prior to October 24th.

[5] These requests were faxed and mailed to counsel for the City and Jones and included interrogatories, and requests for admissions and for production of documents.

The scope and conduct of discovery are committed to the sound discretion of the district court and review is for abuse of discretion. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1310-11 (3d Cir. 1995). This Court required, in *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982), that the appellant show that the district court's action with respect to discovery "made it impossible to obtain crucial evidence," and noted that "implicit in such a showing is proof that more diligent discovery was impossible." This Court "will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *Id*. (internal quotation omitted).

Such a showing of prejudice has not been proffered by Coleman here. Rather, we note that Coleman's counsel did not even commence discovery until the day before the deadline for *completion* and therefore squandered the limited discovery period afforded her client. It was Coleman's counsel's inaction, then, rather than the District Court's rulings on discovery, which made it impossible for Coleman to obtain crucial evidence.

While the court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery, the Federal Rules provide a clear and necessary step for counsel seeking additional time for discovery: submission of an affidavit under Rule 56(f) requesting such additional time. *Dowling v. City of Philadelphia,* 855 F.2d 136, 139-40 (3d Cir. 1988). Coleman's counsel neither made such a motion in the District Court, nor

does she address her failure to do so in this appeal.

Moreover, Coleman made no request for additional time until his Motion for Reconsideration of Summary Judgment. Even if this Court were to construe that argument as a Rule 56(f) proffer, the substantive requirements are still not met. *See Dowling* at 140; *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 230 (3d Cir. 1987); *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90-91 (3d Cir. 1987).

## III.

Our review of a grant of summary judgment is plenary. *Simpson v. Kay Jewelers, Division of Sterling, Inc.*, 142 F.3d 639 (3d Cir. 1998). Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, reveal no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court's responsibility is to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248.

Coleman argues that he did not have enough time to respond to the Motion for Summary Judgment. The local rules for the Eastern District of Pennsylvania require that "*unless the Court directs otherwise*, any party opposing the motion shall serve a brief in

6

opposition . . . within fourteen (14) days after service of the motion and supporting brief."
E.D.Pa. R. 7.1(c) (emphasis added). Coleman's counsel asserts that on November 11th
the District Court Clerk instructed her to respond to the motion immediately. Although
the notice given by the Clerk may be questioned, the pace required comports with that
which had been established by the District Judge. It should not have come as a surprise,
given that the parties were to have been prepared to begin trial on November 5th.

The District Court granted summary judgment after discovery had concluded and
before trial began. Coleman made no argument that he needed additional time for
discovery, nor did he reveal any facts which supported the existence of an actual dispute.
The grant of summary judgment at this stage was, therefore, entirely in line with the
purposes of Rule 56.

Coleman also argues that the Court applied the wrong legal standard in evaluating
the strength of his claim and that it was error for the District Court to find that race was
not a factor in his termination. The caselaw, however, supports the District Court's
application of the *McDonnell Douglas* mechanism to Coleman's claims under §§ 1983
and 1981. *McKenna v. Pacific Rail Serv.*, 32 F.3d 820, 826 n.3 (3d Cir. 1994). Under the
*McDonnell Douglas* paradigm, a plaintiff bears the initial burden of establishing a prima
facie case of race discrimination. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).

The District Court properly found that Coleman failed to create a fact issue as to

7

whether his termination was discriminatory because the facts alleged by Coleman did not satisfy the fourth prong of the prima facie showing (*i.e.*, that the action occurred under circumstances giving rise to an inference of unlawful discrimination).

Coleman claims that it was also error for the District Court to dismiss his state law claims against Jones. We disagree. Coleman's arrest was based on probable cause and that fact is fatal to both of his state law claims. *See Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994); *Lynch v. Johnson*, 76 Pa. Commw. 8, 13 (1983).

## IV.

Coleman's final challenge to the District Court's decision, that it erred in denying his Motion for Reconsideration, also fails. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). We review the District Court's denial of a motion for reconsideration for abuse of discretion. *Id.* We have already reviewed the District Court's grant of summary judgment for errors of law or fact and determined that none exist. Coleman has not identified any newly discovered evidence which would undermine the District Court's decision to grant summary judgment. Accordingly, the District Court properly denied Coleman's Motion for Reconsideration.

## V.

For the foregoing reasons, we will affirm the judgment of the District Court.

TO THE CLERK:

Please file the foregoing opinion.

By the Court,

 /s/ D. Brooks Smith
Circuit Judge