# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Calvin Rouse,                :
           Appellant    :
                    :
      v.              :   No. 317 C.D. 2016
                    :   Submitted:  June 2, 2017
R. Seth Williams, Jennifer Kralle,  :
District Attorneys, Brien V. Issel,  :
Timothy O'Donnell, Police Officers  :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**           **FILED: August 28, 2017**


## I. INTRODUCTION

Calvin Rouse (Appellant) appeals from two orders of the Court of Common Pleas of Philadelphia County (trial court).[1] The first order, dated September 18, 2015, sustained Officer Brien V. Issel's (Officer Issel) preliminary objections and dismissed Appellant's complaint as to Officer Issel with prejudice. The second order, dated October 19, 2015, sustained R. Seth Williams' (DA Williams) and Jennifer Kralle's (ADA Kralle)[2] preliminary objections and

---

[1] Appellant initially appealed this matter to the Superior Court. By order docketed January 19, 2016, the Superior Court transferred the matter to this Court.

[2] DA Williams and ADA Kralle are herein collectively referred to as "District Attorneys."

dismissed Appellant's complaint as to District Attorneys with prejudice. For the reasons set forth below, we affirm, partly on other grounds.

## II. BACKGROUND

Officer Issel and Officer Timothy O'Donnell (Officer O'Donnell)[3] arrested Appellant on June 26, 2010, on suspicion of illegal narcotics distribution. Officers recovered a loaded revolver and $530.00 in cash from Appellant's person during a search incident to arrest. Appellant pled guilty to Possession of a Firearm by a Prohibited Person under 18 Pa. C.S. § 6105 on March 31, 2011. The Honorable Paula A. Patrick (Judge Patrick) sentenced Appellant to 5-10 years of imprisonment.

Appellant subsequently filed a motion for return of property under Pa. R. Crim. P. 588 on October 6, 2011, seeking return of the property seized during his arrest. The Commonwealth of Pennsylvania (Commonwealth), by and through ADA Kralle, filed a common law forfeiture petition against the $530.00. Appellant subsequently signed a settlement agreement (State Settlement) on November 13, 2012, whereby $530.00 would be returned to Appellant in exchange for Appellant releasing, *inter alia*, District Attorneys and the Commonwealth from any liability arising out of the June 26, 2010 arrest. Appellant added a typed proviso to the settlement agreement: "11-13-12 ATTENTION: I SIGNED THE AGREEMENT FOR INTEREST TO BE INCLUDED WITH THE RETURN OF PROPERTY, ONLY." (District Attorneys' Supplemental Reproduced Record (DA Supp. R.R.) at 97.) Judge Patrick resolved the forfeiture proceeding by entering an order, dated September 25, 2013, denying the motion for forfeiture.

---

[3] Officer Issel and Officer O'Donnell are herein collectively referred to as "Officers."

This order directed that the Commonwealth return the $530.00 to Appellant, without interest, pursuant to *Commonwealth v. Funds in Merrill Lynch Account*, 937 A.2d 595 (Pa. Cmwlth. 2007), *appeal denied sub nom. Cmwlth. v. Funds in Merrill Lynch Account Owned by Peart*, 956 A.2d 436 (Pa. 2008). Appellant did not appeal this order.

Appellant also filed a complaint against Officers in the United States District Court for the Eastern District of Pennsylvania on September 13, 2011. This complaint alleged that Officers violated 42 U.S.C. § 1983[4] when they withheld $1,620.00 belonging to Appellant and seized at the time of his arrest. Appellant signed a settlement agreement (Federal Settlement) on or about December 21, 2012, whereby $1,620.00 would be returned to Appellant in exchange for Appellant releasing, *inter alia*, Officers and the City of Philadelphia from any liability arising out of the June 26, 2010 arrest. In a letter dated January 17, 2013, Appellant acknowledged receipt of his property at State Correctional Institution Graterford. By order dated January 15, 2013, the Honorable John R. Padova (Judge Padova) acknowledged the settlement agreement and dismissed Appellant's complaint with prejudice.

The instant action commenced when Appellant filed a complaint against District Attorneys and Officers (collectively as Appellees) in the trial court on October 26, 2013. In his complaint, Appellant alleged that Officers seized Appellant's property and that DA Williams was aware of said seizure. Appellant further alleged that he suffered "SEVERE, STRESS, AND [WORRIES]

---

[4] Section 1983 provides for a civil action against any State, Territory, or the District of Columbia that deprives a citizen of his or her rights. 42 U.S.C. § 1983.

3

[CONCERNS], NOT TO MENTION THE BURDENS, OF EXPENSES, HARDSHIP" as a result of Appellees' collective actions.[5] (DA Supp. R.R. at 81 (emphasis and brackets in original).)[6] Appellant also avers that Appellees "ACTED [NEGLIGENT] [RECKLESS] AND [DELIBERATE] IN THEIR ACTION(S)." (*Id.* (emphasis and brackets in original).) Appellant's complaint requested $500.00 per day in damages, from each Appellee, to be computed from the date his property was seized through the date of resolution of the instant action.

Officer Issel filed preliminary objections to Appellant's complaint, endorsed with a notice to plead,[7] on August 6, 2013.[8] (Officer Issel's Supplemental Reproduced Record (OI Supp. R.R. at 61b.) Officer Issel argued that *res judicata* barred Appellant from asserting in his complaint a cause of action based on what the Federal Settlement already resolved: that Officer Issel improperly withheld Appellant's property seized during the June 26, 2010 arrest. (*Id.*) Appellant filed an answer to Officer Issel's preliminary objections, wherein he essentially argued that the Federal Settlement did not bar his present action when the Federal Settlement did not include the $530.00 seized and placed into evidence. (*Id.* at 87b.) By order dated September 18, 2015, the Honorable Karen

---

[5] Appellant's complaint also appears to state a cause of action sounding in tort for intentional infliction of emotional distress. This reading is supported by Appellant's brief, wherein he explicitly argues that official immunity does not bar his claim of intentional infliction of emotional distress.

[6] We note that, barring the caption, Appellant's complaint neither references ADA Kralle by name, nor avers how she aggrieved Appellant.

[7] *See* note to Pa. R.C.P. No. 1028(b)(2).

[8] Appellant failed to serve Officer O'Donnell with his complaint at the outset of this action. (C.R., Item No. 9.) As such, Officer O'Donnell did not file preliminary objections personally or through counsel.

Shreeves-Johns (Judge Shreeves-Johns) sustained Officer Issel's preliminary objections and dismissed Appellant's complaint with prejudice as to Officer Issel. (OI Supp. R.R. at 90b.)

On August 21, 2015, District Attorneys filed preliminary objections to Appellant's complaint, endorsed with a notice to plead. (DA Supp. R.R. at 2.) District Attorneys argued that Appellant failed to state a claim upon which relief could be granted and that official immunity barred Appellant's recovery. Appellant filed an answer to District Attorneys' preliminary objections, wherein he essentially argued that letters sent by ADA Kralle and a report of the Internal Affairs Division of the Philadelphia Police Department show that District Attorneys "ATTEMPTED TO EXTORT, BRIBE OR APPEASE PLAINTIFF WITH A <u>PORTION</u> OF PLAINTIFF'S ILLEGALLY SEIZED 530.00 [sic]" and unduly delayed the return of Appellant's property. (Certified Record (C.R.), Item No. 15 (emphasis in original).) By order dated October 19, 2015, Judge Shreeves-Johns sustained District Attorneys' preliminary objections and dismissed Appellant's complaint with prejudice as to District Attorneys. (DA Supp. R.R. at 116.)

The trial court issued an opinion pursuant to Pa. R.A.P. 1925(a), explaining that *res judicata* barred Appellant's claims against Appellees. (DA Supp. R.R. at 122-25.) District Attorneys filed a motion for correction or modification of the record, and this court remanded the matter to the trial court to dispose of the motion.[9] The trial court issued a supplemental opinion pursuant to

___

[9] District Attorneys sought to correct or modify the record from the return of property case before Judge Patrick. In our remand order, this Court noted that the online docket entries and certified record conflicted as to the disposition of the return of property case. The trial court **(Footnote continued on next page…)**

5

Pa. R.A.P. 1925(a), analyzing District Attorneys' preliminary objections in the nature of a demurrer and for official immunity. (DA Supp. R.R. at 31.) The trial court ultimately concluded that Appellant failed to state a claim upon which relief could be granted and that official immunity barred Appellant's claims against District Attorneys. (*Id.*)

On appeal,[10] Appellant argues that official immunity does not bar his claims for intentional infliction of emotional distress and that *res judicata* does not apply to any of his claims.

### III. DISCUSSION

Before the trial court, District Attorneys and Officer Issel raised the affirmative defenses of official immunity and *res judicata*, respectively. Rule 1030(a) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1030(a), governs affirmative defenses that must be pleaded. This rule provides

---

**(continued…)**

declined to correct or modify the record, explaining that the return of property case came before a different court of equal jurisdiction. The trial court, therefore, viewed itself powerless to correct the record.

[10] When reviewing whether a trial court properly sustained preliminary objections in the nature of a demurrer, our standard of review is *de novo* and our scope of review is plenary. *Mazur v. Trinity Area Sch. Dist.*, 961 A.2d 96, 101 (Pa. 2008). We may affirm a grant of preliminary objections only when it is clear and free from doubt that, based on the facts pled, the plaintiff will be unable to prove facts legally sufficient to establish a right to relief. *Id.* "The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *McMahon v. Shea*, 688 A.2d 1179, 1181 (Pa. 1997). In evaluating the legal sufficiency of the challenged pleading, we accept as true all well-pled, material, and relevant facts alleged and every inference that is fairly deducible therefrom. *Mazur*, 961 A.2d at 101.

6

that affirmative defenses, including immunity from suit and *res judicata*, shall be pleaded in a responsive pleading under the heading "New Matter." Pa. R.C.P. No. 1030(a). Appellees, therefore, incorrectly asserted official immunity and *res judicata* in their preliminary objections under Rule 1028 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1028. In *Rufo v. Bastian-Blessing Co.*, 207 A.2d 823 (Pa. 1965), however, the Supreme Court of Pennsylvania held that plaintiffs faced with a defendant's affirmative defense incorrectly raised as a preliminary objection may file preliminary objections to the defendant's preliminary objection. *Rufo*, 207 A.2d at 826. If a plaintiff fails to raise a preliminary objection to the defendant's preliminary objections, the plaintiff waives his claim that the defendant raised the affirmative defense in an improper manner. *Id.* Appellant here failed to raise preliminary objections to Appellees' preliminary objections, thereby waiving any claim that Appellees improperly raised official immunity and *res judicata* in their preliminary objections. *See id.* We, therefore, will consider the merits of each affirmative defense.

### A. District Attorneys

The trial court did not err in determining that official immunity bars Appellant's claims against District Attorneys. Official immunity from civil suits applies to government officials, including district attorneys and assistant district attorneys, when said government officials act within the course and scope of their duties. *See Heicklen v. Hoffman*, 761 A.2d 207, 209 (Pa. Cmwlth. 2000). Official immunity is limited to statements and actions which are "closely related" to the

7

performance of those duties. *Osiris Enters. v. Borough of Whitehall*, 877 A.2d 560, 567 (Pa. Cmwlth. 2005).[11]

Appellant avers that DA Williams "WAS MADE AWARE OF THIS MATTER," apparently in reference to the withholding of Appellant's property. (DA Supp. R.R. at 81 (emphasis in original).) Appellant makes no additional averments with regard to DA Williams. The record does not reveal DA Williams' involvement in the withholding of Appellant's property. The record likewise does not reveal DA Williams' involvement in the negotiations and settlement of Appellant's petition for return of property nor ADA Kralle's petition for forfeiture of Appellant's property. We can only infer that Appellant means to argue that DA Williams, knowing of the withholding of Appellant's property, improperly failed to intervene and take measures to effectuate the return of Appellant's

---

[11] Section 8546 of the Judicial Code, 42 Pa. C.S. § 8546, pertaining to the defense of official immunity, provides:

In any action brought against an employee of a local agency for damages on account of an injury to a person or property based upon claims arising from, or reasonably related to, the office or the performance of the duties of the employee, the employee may assert on his own behalf, or the local agency may assert on his behalf:

(1) Defenses which are available at common law to the employee.
(2) The defense that the conduct of the employee which gave rise to the claim was authorized or required by law, or that he in good faith reasonably believed the conduct was authorized or required by law.
(3) The defense that the act of the employee which gave rise to the claim was within the policymaking discretion granted to the employee by law. For purposes of this subsection, all acts of members of the governing body of a local agency or of the chief executive officer thereof are deemed to be within the policymaking discretion granted to such person by law.

property.  DA Williams' ability to do so could only arise from his official capacity as the Philadelphia District Attorney.  *See Heicklen*, 761 A.2d at 209.  Official immunity, therefore, protects DA Williams from Appellant's claims.

The record reveals that ADA Kralle obtained the State Settlement, which the presiding court ultimately approved.  (DA Supp. R.R. at 4.)  While the body of Appellant's complaint does not refer to ADA Kralle by name, her actions in negotiating the State Settlement in Appellant's return of property petition, which coincided with her own petition for forfeiture, unquestionably fall within the course and scope of her official duties as an assistant district attorney.  *See Lynch v. Johnston*, 463 A.2d 87, 90 (Pa. Cmwlth. 1983) (holding where plaintiff's complaint against district attorney and state trooper failed to make factual averments of conduct constituting crime, actual fraud, actual malice, or willful misconduct and where conduct of defendants was clearly authorized or required by law, both district attorney and state trooper were entitled to official immunity).  The conduct alleged in Appellant's complaint, therefore, falls squarely within the course and scope of ADA Kralle's official duties, thereby entitling her to the protections of official immunity.

Appellant argues that District Attorneys' willful misconduct, nonetheless, serves as an exception to their official immunity.  *See* Section 8550 of the Judicial Code, 42 Pa. C.S. § 8550.  Section 8550 of the Judicial Code provides:

> In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity)

9

and 8549 (relating to limitation on damages) shall not apply.

Appellant, however, fails to plead facts, which if accepted as true, establish a right to relief under a willful misconduct exception. Appellant's complaint is, instead, rife with conclusory allegations. First, Appellant alleges that "DEFENDANT'S [sic] ARE NOT IMMUNE FROM THIS ACTION OR BY PERSONALLY BEING SUED." (DA Supp. R.R. at 81 (emphasis in original).) Appellant does not plead facts to support his bare conclusion that official immunity does not bar his claims.

Appellant's conclusory allegation that "THE ACTIONS CAUSED, AND BROUGHT ABOUT BY THE DEFENDANT'S [sic] [caused] SEVERE, STRESS, AND [WORRIES] [CONCERNS]" is likewise unavailing. (*Id.* (emphasis and brackets in original).) Appellant's complaint does not make factual averments as to what actions on the part of District Attorneys constitute a crime, actual fraud, actual malice, or willful misconduct under Section 8550 of the Judicial Code. *See Lynch*, 463 A.2d at 90. The closest Appellant comes to providing a factual averment relating to willful misconduct is that "SETH R. WILLIAMS (DA) WAS MADE AWARE OF THIS MATTER." (*Id.* (emphasis and brackets in original).) This statement too fails to provide sufficient specificity. Appellant does not aver how DA Williams' alleged knowledge relates to Section 8550. *See Lynch*, 463 A.2d at 90. Appellant's averment that "THE DEFENDANT ACTED [NEGLIGENT] [RECKLESS] AND [DELIBERATE] IN THEIR ACTIONS," again fails to provide sufficient specificity. (DA Supp. R.R. at 81 (emphasis and brackets in original).) We are simply unable to determine, from the face of Appellant's complaint, what willful misconduct District Attorneys

10

committed. Appellant, therefore, has not overcome his burden of pleading facts, which if accepted as true, establish a right to relief.[12]

## B. Officer Issel

Appellant fairs no better against Officer Issel. We note at the outset that the Federal Settlement, upon which Officer Issel now relies, takes the form of a "general release" whereby Appellant agreed to release Officer Issel of all claims arising out of the June 26, 2010 arrest. We, therefore, analyze the preclusive effect of the Federal Settlement in the context of release. Release, like *res judicata*,[13] is an affirmative defense that should be raised in a new matter. Pa. R.C.P. No. 1030(a). It is well settled that "[t]he effect of a release must be determined from the ordinary meaning of its language." *Wolbach v. Fay*, 412 A.2d 487, 488 (Pa. 1980). Here, the general release signed by Appellant released Officer Issel from "all actual and/or potential liability accrued and hereafter to accrue on account of and from all, and all manner of, actions and causes of action, claims and demands whatsoever, either in law or equity, especially a claim for injuries and/or damages sustained on or about June 26, 2010." (OI Supp. R.R. at 82b.) Appellant's instant claims against Officer Issel sound in tort, arise out of the June 26, 2010 arrest, and request relief in the form of damages. It is clear that the ordinary meaning of the general release's language releases Officer Issel from Appellant's instant claims.

---

[12] We arrive at this conclusion after affording Appellant a liberal construction of his court filings, as required by law. *See Mueller v. Pa. State Police Headquarters*, 532 A.2d 900, 902 (Pa. Cmwlth. 1987) ("While pleadings filed by *pro se* litigants are to be construed liberally, a *pro se* litigant is not to be given any particular advantage because of his lack of knowledge of the law.").

[13] Officer Issel's preliminary objection asserting *res judicata* is, in substance, an effort to enforce the release set forth in the Federal Settlement. We, therefore, treat it as such.

*See Wolbach*, 412 A.2d at 488. We, therefore, affirm the trial court's dismissal of Appellant's claims against Officer Issel on the grounds of the affirmative defense of release.

## IV. CONCLUSION

We agree with the trial court that Appellant's claims against Appellees are barred under the principle of official immunity. We decline to specifically address District Attorneys' preliminary objection in the nature of a demurrer, generally, as an analysis of such an objection would largely be duplicative of our official immunity analysis. We likewise decline to address Officer Issel's preliminary objection that Appellant's claims are time-barred, as this objection was not raised below. For the reasons set forth above, we conclude that the trial court did not err by sustaining Appellees' preliminary objections and dismissing Appellant's complaint.

Accordingly, we affirm the orders of the trial court, doing so partly on other grounds.

_____
P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Calvin Rouse,                                        :
                              Appellant             :
                                                    :
             v.                                     :   No. 317 C.D. 2016
                                                    :
R. Seth Williams, Jennifer Kralle,                  :
District Attorneys, Brien V. Issel,                 :
Timothy O'Donnell, Police Officers                  :

# **O R D E R**


        AND NOW, this 28th day of August, 2017, the orders of the Court of
Common Pleas of Philadelphia County are AFFIRMED, partly on other grounds,
as set forth in the attached Opinion.


_____
        P. KEVIN BROBSON, Judge