Joan LICHTMAN, Appellant

v.

Gary GLAZER.

Joan Lichtman, Appellant

v.

Joseph Vignola.

Joan Lichtman, Appellant

v.

R. Seth Williams.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 31, 2014.
Decided March 11, 2015.
Rehearing En Banc Denied
April 28, 2015.

Joan Lichtman, pro se.

Martha Gale, Philadelphia, for appellee The Hon. Gary Glazer.

OPINION

PER CURIAM.

Joan Lichtman (Appellant) appeals from three orders of the Court of Common Pleas of Philadelphia County (trial court) dated June 27, 2013, dismissing actions filed by Appellant for failure to state a cause of action pursuant to Pa.R.C.P. No. 240(j).[1] We affirm.

Appellant commenced actions against Appellees, the Honorable Gary Glazer, a judge on the Court of Common Pleas of Philadelphia County, Joseph Vignola, the City of Philadelphia Undersheriff, and R. Seth Williams, the City of Philadelphia District Attorney, by filing writs of summons on March 20, 2013. Appellant filed petitions to proceed *in forma pauperis* (IFP) contemporaneously with her writs of summons.

By orders dated June 27, 2013, upon consideration of Appellant's IFP petitions, the trial court dismissed each case for failure to state a cause of action pursuant to Rule 240(j).[2] Appellant filed motions for reconsideration on July 5, 2013, upon which the trial court never ruled, and she filed the instant appeal on July 21, 2013.

On November 5, 2013, the trial court issued separate opinions in support of its orders. The trial court noted that, under Rule 240(j)(2), when a plaintiff commences an action by writ of summons and also files an IFP petition, a court shall not decide the IFP petition until a complaint is filed, but if a complaint is not filed within ninety days of filing the petition, the court may dismiss the action pursuant to subsection (j)(1). The trial court stated that a review of the docket entries on June 27, 2013, ninety-nine days after the writs of summons and the IFP petitions had been filed on March 20, 2013, showed that no complaints had been filed. Thus, the trial court stated that dismissal of the cases was consistent with Rule 240(j)(2).

---

1. "Rule 240(j) permits a trial court, prior to ruling on an [*in forma pauperis*] request, to dismiss an action where the trial court is satisfied that the action is frivolous." *Pelzer v. Wrestle*, 49 A.3d 926, 928 n. 1 (Pa.Cmwlth. 2012).

2. The orders, and subsequent opinions in support, were issued by the Honorable Arnold L. New.

■ Appellant appealed the trial court's orders to Superior Court, which transferred the matters to this Court by *per curiam* order.[3] On appeal,[4] Appellant argues that: (1) Superior Court abused its discretion when it issued an opinion on the merits when transferring the appeals to this Court; (2) the trial court erred or abused its discretion in interpreting and applying Rule 240(j), and, in doing so, violated Appellant's due process rights; and (3) the trial court erred or abused its discretion in refusing to render a decision on Appellant's motions for reconsideration.

### Superior Court's Transfer Order

■ Appellant first argues that Superior Court abused its discretion in addressing the merits of these appeals in its order transferring the matters to this Court. In its entirety, Superior Court's order states as follows:

> The appeals at Nos. 2090, 2091, and 2093 EDA 2013, are hereby **TRANS-FERRED** to Commonwealth Court. *See Heicklen v. Hoffman*, 761 A.2d 207 (Pa.Cmwlth.2000) (Commonwealth and its officials acting within the scope of their duties enjoy sovereign and official immunity and are immune from suit except where the legislature provides otherwise); *see also Pa.R.A.P. 751; 42 Pa. C.S. § 762(a)(7)*.

In making this argument, Appellant misconstrues the *citations* in Superior Court's order as rulings that affected the outcome of this matter. The order cited our decision in *Heicklen*, which was based on doctrines of governmental immunity, official immunity, and judicial immunity; section 762(a)(7) of the Judicial Code, 42 Pa.C.S.

§ 762(a)(7), which states that this Court has exclusive jurisdiction over such matters; and Pa.R.A.P. 751, which requires transfer to the appellate court having jurisdiction. Rather than ruling on the merits of the cases, Superior Court merely provided a reason for transferring the appeals to this Court.

### Rule 240(j) and Due Process

■ Appellant next argues that the trial court erred in interpreting and applying Rule 240(j), thereby denying Appellant access to court in violation of Appellant's right to due process. Rule 240(j) provides as follows:

> (j)(1) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.[5]
>
> (2) If the petitioner commences the action by writ of summons, the court shall not act on the petition for leave to proceed in forma pauperis until the complaint is filed. If the complaint has not been filed within ninety days of the filing of the petition, the court may dismiss the action pursuant to subdivision (j)(1).

*Id.*

Appellant asserts that dismissal is only proper under subsection (j)(1) and that neither criteria in subsection (j)(1) is found in the present case. Appellant also asserts

---

**3.** By order dated April 7, 2014, this Court granted Appellant's motion to consolidate the appeals.

**4.** Our scope of review is limited to determining whether constitutional rights have been violated, whether the trial court abused its

discretion, or whether the trial court committed an error of law. *McGriff v. Vidovich*, 699 A.2d 797, 798 n. 2 (Pa.Cmwlth.1997).

**5.** An appeal is frivolous if it lacks any "arguable basis either in law or in fact." *Pelzer*, 49 A.3d at 932 (citation and quotations omitted).

that, under Rule 240(c)(3), the trial court is obligated to decide an IFP petition within twenty days of filing.

██ We first consider the application of Rule 240(c)(3), which states that *"[e]xcept as provided by subdivision (j)(2), the court shall act promptly upon the [IFP] petition and shall enter its order within twenty days from the date of the filing of the [IFP] petition."* Pa.R.C.P. No. 240(c)(3) (emphasis added). However, Appellant did not commence these actions by complaints but by writs of summons. Rule 240(c)(3) only applies to cases initiated by complaint and expressly states that the exception to the twenty-day rule is found in subsection (j)(2). The language of subsection (j)(2) provides that a court shall not rule on an IFP petition prior to the filing of a complaint, which has not occurred in this case. Thus, the trial court was not obligated to act on Appellant's IFP petition within twenty days of its filing. Because the plain language of Rule 240(c)(3) precludes its application to the present case, Appellant's argument necessarily fails.

Appellant's argument that dismissal is not proper under Rule 240(j)(1) also must fail. Appellant cites *Pelzer v. Wrestle,* 49 A.3d 926 (Pa.Cmwlth.2012), in support of her argument that the trial court incorrectly interpreted Rule 240(j). However, although *Pelzer* was decided under the prior version of Rule 240(j), before the rule was amended to include subsection (j)(2), it nevertheless illustrates that the trial court properly applied the rule in this case.

In *Pelzer,* the appellant filed a writ of summons and an application to proceed IFP. The common pleas court dismissed the matter as frivolous under Rule 240(j). On appeal to this Court, we concluded that a trial court cannot determine whether an action is frivolous, i.e., lacks an arguable basis in law or fact, where no complaint has been filed. We noted that, in contrast to a complaint, a writ of summons is not a pleading that requires an appellant to set forth a cause of action. We also noted that Pa.R.C.P. No. 1351[6] only requires a writ of summons to include the county in which the action is brought, a caption, a short statement that the appellant has commenced an action against the stated party, a dated signature line for the prothonotary or clerk, and the seal of the court. We explained that "[a] bare writ of summons does not contain information about the nature of the claims asserted; the applicable dates; or a description of any alleged wrongful acts." *Pelzer,* 49 A.3d at 931–32 (citation and quotations omitted).

We recognized in *Pelzer* that Rule 240(j) had been amended to include subsection (j)(2) subsequent to the trial court's order. We concluded that, while the amendment was not controlling, it nevertheless provided helpful clarification in deciding the issue on appeal. We also noted that our holding was "consistent with the explanation provided by the Civil Rules Committee for amending Rule 240(j)," *id.* at 932 n. 7, which states:

6. Pa.R.C.P. No. 1351 provides as follows:
   The writ of summons shall be directed to the defendant and shall be substantially in the following form:
   **Commonwealth of Pennsylvania**

   **County of _____**

   **(Caption)**

To _____
   You are hereby notified that _ (Name(s) of Plaintiff(s)) has (have) commenced an action against you.
   Date _____
      (Name of Prothonotary or Clerk)
      By _____
         (Deputy)
   Seal of the Court

The amendment to subdivision (j) requires the party commencing an action by writ of summons and seeking to proceed in forma pauperis to file the complaint within ninety days of filing the petition. The court would not make a determination on the petition until the complaint is filed. If the complaint is not filed within the ninety-day time period, the court may dismiss the action pursuant to procedures set forth in subdivision (j)(1).

Pa.R.C.P. No. 240 cmt. (2012). Thus, we vacated the trial court's order dismissing the action, directed the appellant to file a complaint within ninety days, and stated that the common pleas court may dismiss the case if the appellant failed to do so.

The procedural posture of this case is similar to that in *Pelzer*, in that Appellant only filed writs of summons. However, the holding in *Pelzer* does not compel the same result in this matter, because the amended rule applies. In this case, Appellant was required by Rule 240(j)(2) to file a complaint within ninety days or risk dismissal under Rule 240(j)(1) for failure to state a cause of action. Having failed to file a complaint within ninety days as required by Rule 240(j)(2), Appellant has not identified any facts or circumstances upon which relief could be granted, and, therefore, the trial court properly dismissed the action as frivolous under Rule 240(j)(1).

## Motions for Reconsideration

■ Appellant further argues that the trial court erred or abused its discretion in not deciding Appellant's motions for reconsideration. However, Appellant cites no authority for this proposition, and, in fact, a court is not required to act upon a motion for reconsideration. Pa.R.A.P. 1701(b)(3)(ii) (A court may grant reconsideration if "an order expressly granting reconsideration of such prior order is filed in the trial court ... within the time prescribed by these rules for the filing of a notice of appeal ... with respect to such order....");[7] *see City of Philadelphia Police Department v. Civil Service Commission of City of Philadelphia*, 702 A.2d 878, 881 (Pa.Cmwlth.1997). "Except as otherwise prescribed by this rule, the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

In *City of Philadelphia*, the Civil Service Commission (Commission) found that the city had failed to establish that the

---

7. The note to Pa.R.A.P. 1701 offers further guidance as follows:

Subdivision (b)(3) is intended to handle the troublesome question of the effect of application for reconsideration on the appeal process. The rule (1) permits the trial court or other government unit to grant reconsideration if action is taken during the applicable appeal period, which is not intended to include the appeal period for cross appeals, or, during any shorter applicable reconsideration period under the practice below, and (2) eliminates the possibility that the power to grant reconsideration could be foreclosed by the taking of a "snap" appeal. The better procedure under this rule will be for a party seeking reconsideration to file an application for reconsideration below and a notice of appeal, etc. *If the application lacks merit the trial court or other government unit may deny the application* by the entry of an order to that effect or *by inaction*. The prior appeal paper will remain in effect, and appeal will have been taken without the necessity to watch the calendar for the running of the appeal period. If the trial court or other government unit fails to enter an order "expressly granting reconsideration" (an order that "all proceedings shall stay" will not suffice) within the time prescribed by these rules for seeking review, Subdivision (a) becomes applicable and the power of the trial court or other government unit to act on the application for reconsideration is lost.

Pa.R.A.P. 1701 note (explaining subdivision (b)(3)) (emphasis added).

appellant was capable of returning to active duty as a police officer. On the same day and within thirty days of the order, the city filed a motion for reconsideration with the Commission and appealed to the trial court. Two months after the Commission's order and prior to a ruling on the motion for reconsideration, the city withdrew its appeal to the trial court. Five months after the Commission's order, the Commission denied the city's motion. The city appealed to the trial court, which reversed the Commission, holding that the Commission manifestly abused its power in denying the motion.

On appeal to this Court, the appellant contended that the trial court erred in hearing the city's appeal, because the Commission was without jurisdiction to rule on the motion for reconsideration more than thirty days after the date of the final order. We held that a motion for reconsideration may not be considered after the appeal period has passed and that "[i]f a trial court ... fails to grant reconsideration *expressly* within the prescribed 30 days, it loses the power to act upon both the petition and its original order." *Id.* at 881 (emphasis added). Thus, we determined that the Commission had no jurisdiction to consider the city's motion for reconsideration. Accordingly, we vacated the trial court's order and reinstated the Commission's order.

Here, the trial court did not act on Appellant's motions for reconsideration within the thirty-day appeal period. Such inaction pursuant to Rule 1701 has the effect of a denial. The trial court no longer has the power to act on a motion for reconsideration when it fails to issue an order expressly granting the motion within the time prescribed for seeking review. Pa.R.A.P. 1701(a) ("Except as otherwise prescribed by these rules, after an appeal is taken ... the trial court ... may no longer proceed in the matter."); Pa.R.A.P. 1701 note ("If the trial court ... fails to enter an order 'expressly granting reconsideration' ... within the time prescribed by these rules for seeking review, Subdivision (a) becomes applicable and the power of the trial court ... to act on the application for reconsideration is lost.").

Appellant timely filed appeals to Superior Court, which were properly transferred to this Court. Similar to the situation in *City of Philadelphia*, the trial court had thirty days to grant Appellant's motions for reconsideration. The trial court chose not to act on the motions for reconsideration within the thirty-day time limit and was therefore without jurisdiction to grant the motions. Pa.R.A.P. 903; Pa.R.A.P. 1701(a), (b)(3). Pursuant to Pa.R.A.P. 1701, the trial court was not obligated to act on Appellant's motions for reconsideration and lost jurisdiction to do so after the thirty-day appeal period expired. Thus, the trial court did not err or abuse its discretion in failing to act on Appellant's motions for reconsideration.

Accordingly, we affirm.[8]

### ORDER

AND NOW, this 11th day of March, 2015, the June 27, 2013 orders of the Philadelphia County Court of Common Pleas are affirmed.

---

8. Having addressed the discernible legal issues Appellant raises on appeal, we note that Appellant's brief is replete with allegations of misconduct by the trial court and other parties, to which no response is warranted.