IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dana Young,                               :
                    Appellant            :
                                          :
          v.                             :     No. 1464 C.D. 2015
                                          :     Submitted: January 15, 2016
Greg Surotchak, John Corbacio,           :
John Kerestes and Dorina Varner          :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                         FILED: March 23, 2016

          Dana Young, *pro se*, appeals an order of the Court of Common Pleas
of Schuylkill County (trial court) that denied his petition to proceed *in forma
pauperis* and dismissed his complaint against Greg Surotchak, John Corbacio, John
Kerestes and Dorina Varner, prison officials at SCI-Mahanoy where Young is
incarcerated.  In doing so, the trial court held that the complaint was frivolous
because it failed to state a cause of action.[1]  On appeal, Young contends that the
trial court erred, asserting that his complaint stated a claim for retaliation,
conspiracy and intentional infliction of emotional distress.  We affirm.

          On June 22, 2015, Young filed a civil rights complaint under 42
U.S.C. §1983 alleging that the prison's Activities Specialist, Greg Surotchak, made

---

[1] Pennsylvania Rule of Civil Procedure 240(j) "permits a trial court, prior to ruling on an [*in
forma pauperis*] request, to dismiss an action where the trial court is satisfied that the action is
frivolous."  *Pelzer v. Wrestle*, 49 A.3d 926, 928 n.1 (Pa. Cmwlth. 2012).  The relevant text of
Rule 240(j) is set forth *infra*.

a false accusation against Young in order to remove him from the prison's activities programs. The complaint alleged that Surotchak did so to retaliate against Young for exercising his constitutional right to free speech, thereby intentionally inflicting emotional distress upon Young. In addition, the complaint alleged that Surotchak had conspired with the prison's Activities Manager, John Corbacio, to remove Young from the prison's activities programs. In support, Young's complaint averred the following relevant facts.

Young participated in various prison activities programs, including conditioning and senior fitness classes. On February 23, 2015, at the end of a conditioning class, Surotchak told Young that he had observed Young sitting and doing nothing for 20 minutes; Surotchak reminded Young that he needed to participate in order to remain in the class. Complaint, ¶7. On February 27, 2015, Young learned that he had been removed from the conditioning and senior fitness classes. Complaint, ¶8. The next day, Young submitted an inquiry about his removal to Corbacio. Complaint, ¶9.

On March 5, 2015, Young received a notice of "Removal from Activities Department Programs." Complaint, ¶10. The Notice contained Surotchak's statement that he had reminded Young on February 23, 2015, that if he did not participate, he would be replaced with someone on the waiting list. Surotchak reported that Young replied, "That's crazy" and "Well then kick me out, I don't give a fuck." Complaint, ¶11; Exhibit A. The Notice informed Young that because of this behavior, Young was barred from activities programs for six months. *Id*. On March 9, 2015, Young received another notice that he had also

been removed from the Residents Betterment Organization, an inmate organization.[2] Complaint, ¶12; Exhibit C.

In response to both notices, Young filed grievances and appeals, which were denied.[3] Complaint, ¶¶11, 13-23. Young alleges that Surotchak lied; Young denies making the statements that got him removed from the programs. Young acknowledges that Surotchak's version of the incident was found more credible than Young's denial. Complaint, ¶14.

Young's complaint alleged that he was removed from activities programs "on the basis of statements he never made." Complaint, ¶¶24, 26. The complaint also alleged that Corbacio accepted Surotchak's false statements. Complaint, ¶31. The complaint alleged that Surotchak unlawfully retaliated against Young for exercising his First Amendment right to free speech; that Surotchak and Corbacio engaged in an unlawful conspiracy to remove Young from activities programs; and that Surotchak's conduct resulted in the intentional infliction of emotional distress upon Young.[4] The complaint sought an award of damages exceeding $35,000 per defendant and any other relief the trial court deemed proper.

---

[2] Young filed a petition for review in the nature of a complaint in mandamus in this Court's original jurisdiction alleging that the Department of Corrections violated his due process rights by removing him from the Residents Betterment Organization. Concluding that Young was not deprived of any interest protected by due process, we sustained the Department's demurrer and dismissed the petition for review. *See Young v. Department of Corrections*, (Pa. Cmwlth., No. 365 M.D. 2015, filed February 24, 2016).

[3] The complaint identified defendant John Kerestes as the facility manager at SCI-Mahanoy and defendant Dorina Varner as the chief grievance officer for the Pennsylvania Department of Corrections. Complaint, ¶¶4-5. The complaint alleged that Kerestes and Varner denied Young's grievance appeals. Complaint, ¶¶16-23.

[4] The complaint included claims against Kerestes and Varner, but Young has pursued only the claims against Surotchak and Corbacio on appeal.

3

With his complaint, Young filed a petition for leave to proceed *in forma pauperis*. Pennsylvania Rule of Civil Procedure 240(j)(1) directs the trial court to first determine whether the action is frivolous before acting on the petition. If satisfied that the action is frivolous, the court may dismiss it. PA. R.C.P. No. 240(j)(1).[5] For purposes of Rule 240(j), an action is deemed frivolous if it lacks an "arguable basis either in law or in fact." *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.5 (Pa. Cmwlth. 2015) (citation omitted).

On June 25, 2015, the trial court issued an order denying the petition for leave to proceed *in forma pauperis* and dismissing the complaint with prejudice. The trial court noted that central to Young's complaint is that the defendants explained why Young had been removed from the activities programs for six months. The assertion in Young's complaint that those reasons were false has been addressed in the grievances, and they may not be appealed. The trial court concluded that the complaint was frivolous because it had no arguable basis in law or in fact and did not state a cause of action for which relief can be granted.

Young appealed to this Court. The trial court ordered Young to file a Concise Statement of Errors Complained of on Appeal pursuant to PA. R.A.P. 1925(b).

---

[5] Specifically, Rule 240(j)(1) states as follows:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, *the court prior to acting upon the petition may dismiss the action*, proceeding or appeal if the allegation of poverty is untrue or *if it is satisfied that the action, proceeding or appeal is frivolous*.
>
> *Note*: A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

PA. R.C.P. No. 240(j)(1) and note (emphasis added).

4

In his August 12, 2015, Statement, Young contends that the trial court improperly dismissed the complaint as frivolous for three reasons. First, liberally construed, Young stated a Section 1983 retaliation claim by alleging that Surotchak removed Young from activites programs on the basis of Young's speech, which is protected by the First Amendment. Second, liberally construed, Young stated a Section 1983 conspiracy claim against Surotchak and Corbacio by alleging that Surotchak conveyed false information to Corbacio, who authorized the removal. Third, liberally construed, Young stated a Section 1983 intentional infliction of emotional distress claim by alleging that Surotchak's false allegations were extreme and outrageous. On August 24, 2015, the trial court issued a Rule 1925(a) opinion that addressed these three issues.

In his appeal to this Court, Young raises the identical three issues.[6] The trial court has ably and thoroughly addressed each issue. Accordingly, we affirm the trial court for the reasons set forth in the opinion of the Honorable James P. Goodman in *Dana Young v. Greg Surotchak, et al*, (Court of Common Pleas of Schuylkill County, Civil Division, No. S-1110-2015, August 24, 2015).

_____
MARY HANNAH LEAVITT, President Judge

---

[6] "Our review of a trial court order dismissing an action pursuant to PA. R.C.P. No. 240(j) is limited to determining whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Pelzer*, 49 A.3d at 929 n.3.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dana Young,                                      :
               Appellant                :
                                             :
        v.                        :   No. 1464 C.D. 2015
                                             :
Greg Surotchak, John Corbacio,                   :
John Kerestes and Dorina Varner                  :

## **O R D E R**

AND NOW, this 23rd day of March, 2016, the order of the Court of Common Pleas of Schuylkill County in the above-captioned matter, dated June 25, 2015, is AFFIRMED for the reasons set forth in the opinion of the Honorable James P. Goodman in *Dana Young v. Greg Surotchak, et al*, (Court of Common Pleas of Schuylkill County, Civil Division, No. S-1110-2015, August 24, 2015).

 

_____
MARY HANNAH LEAVITT, President Judge