J-S25037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DANIEL L. SPUCK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PROGRESS NEWSPAPER, INC. JANE/JOHN DOES, PARTIES/EMPLOYEES OF, AND LELAND B. MATHER, JR., CHIEF EDITOR, ET AL | |
| Appellees | No. 1495 WDA 2015 |

Appeal from the Order August 13, 2015
In the Court of Common Pleas of Clearfield County
Civil Division at No(s): 2015-1219-CD

BEFORE: FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED MARCH 28, 2016**

Daniel Spuck appeals from an order dismissing his *in forma pauperis* civil complaint against Progress Newspaper, Inc. and Leland Mather. We affirm.

The record reveals that on August 12, 2015, Spuck filed a civil complaint alleging that he had "newly discovered evidence" that appellees were liable for defamation, negligence and fraud based on newspaper articles that they published on December 30, 1995 and April 20, 1996. On the date of his civil complaint, he was serving a sentence of 11-22 years' imprisonment for third degree murder and reckless endangerment. He has been serving this sentence since 1995.

On August 13, 2015, the trial court dismissed Spuck's action as frivolous pursuant to Pa.R.Civ.P. 240(j). Spuck filed a timely notice of appeal and timely statement of matters complained of on appeal. The trial court advised this Court that it will not file any Pa.R.A.P. 1925 opinion.

Pa.R.Civ.P. 240(j)(1) provides: "If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous." We review a trial court's decision to dismiss an action under Rule 240(j)(1) for abuse of discretion. *Lichtman v. Glazer*, 111 A.3d 1225, 1227 & n. 3 (Pa.Cmwlth.2015).

The trial court observed in its order of dismissal that (1) the statute of limitations for defamation, negligence and fraud expired many years ago; (2) while the concept of "newly discovered evidence" is cognizable under the Post Conviction Relief Act, *see* 42 Pa.C.S. § 9545(b)(1)(ii), this concept is foreign to civil tort law; and (3) Spuck failed to allege any grounds that appellees defamed his character or "caused him to suffer [financial harm] while he has been in prison since 1995." Based on the trial court's reasoning, we conclude that Spuck's civil complaint is frivolous. The trial court acted within its discretion by dismissing the complaint under Rule 240(j)(1).

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2016