Gregory Thomas,            :
           Appellant            :
           :
         v.            :
           :     No. 626 C.D. 2019
John Wetzel, Penna. DOC        :     Submitted: September 20, 2019

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED: November 20, 2019

       Gregory Thomas (Thomas) appeals from the Erie County Common Pleas Court's (trial court) November 9, 2018 order dismissing his pro se complaint against Pennsylvania Department of Corrections' (DOC) Secretary John Wetzel (Wetzel) in his official and individual capacity (Complaint), pursuant to Pennsylvania Rule of Civil Procedure (Rule) No. 240(j)(1). Essentially, the issue before this Court is whether Thomas' Complaint is wholly frivolous and fails to state a claim upon which relief can be granted. After review, we affirm.

       Thomas is currently incarcerated at the State Correctional Institution (SCI) at Albion. On November 1, 2018, Thomas filed the Complaint in the trial court seeking: (1) declaratory relief that DOC's policy and contract prohibiting internet access on Global Tel-Link Corporation (GTL) tablets "violates the First, the [F]ourteenth and the [Eighth] Amendments [to] the [Pennsylvania] and [United States (U.S.)] Constitution[s]" as well as his due process and equal protection rights, Complaint at 8 (*ad damnum* clause); (2) injunctive relief enjoining Wetzel "from not providing adequate polic[ies] that comport with prisoners['] [c]onstitutional rights[,]"

Complaint at 9 (*ad damnum* clause); and (3) compensatory and punitive damages.[1] *See* Complaint at 10-11. In addition, Thomas filed with the trial court a Petition for Leave to Proceed In Forma Pauperis (IFP Petition) in conjunction with his Complaint. On November 9, 2018, the trial court denied the IFP Petition and dismissed the Complaint with prejudice pursuant to Rule 240(j)(1). On November 21, 2018, Thomas appealed to the Pennsylvania Superior Court (Superior Court).

On November 28, 2018, the trial court ordered Thomas to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Appellate Rule) 1925(b) (Appellate Rule 1925(b) Statement). On December 14, 2018, Thomas filed his Appellate Rule 1925(b) Statement. On January 18, 2019, the trial court filed its opinion in accordance with Appellate Rule 1925(a). By March 27, 2019 order, the Superior Court transferred the appeal to this Court.[2]

Initially, Rule 240(j)(1) provides, in relevant part:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.
>
> > *Note:* A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.' *Neitzke v. Williams*, 490 U.S. 319, [326] . . . (1989).

Pa.R.C.P. No. 240(j)(1).

---

[1] Thomas did not name DOC as a party in the Complaint.

[2] "Our scope of review is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015).

In the Complaint, Thomas alleges, *inter alia*, violations of the Pennsylvania and U.S. Constitutions, the Americans with Disabilities Act of 1990 (ADA),[3] and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA).[4] *See* Complaint ¶ 1. Thomas avers that his claims are authorized by Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983 (Section 1983). *See* Complaint ¶ 4. Specifically, Thomas asserts that DOC's prohibition of internet access on his tablet violates his first amendment right to freedom of speech, his religious freedoms and bars his ADA recovery assistance. Thomas further claims that DOC refuses to provide winter clothing and sport safety equipment, which also violates his rights.

In his Appellate Rule 1925(b) Statement, Thomas includes 8 paragraphs, each essentially containing random statements of law unrelated to the trial court's order. *See* Appellate Rule 1925(b) Statement at 1-2. In his brief, Thomas identifies 12 issues in his Statement of the Questions Involved (Questions Statement) relating to the allegations in the Complaint. *See* Thomas Br. at 3-4. Notably, neither Thomas' Appellate Rule 1925(b) Statement, nor his Questions Statement mention Rule 240(j)(1), the trial court's order or the trial court's reasons for dismissing the Complaint.

The law is well established that "[a] party's failure to include an issue in its [Appellate] Rule 1925(b) [S]tatement waives that issue on appeal.[5] Pa.R.A.P. 1925(b)(4)(vii)." *Dresher v. Se. Pa. Transp. Auth.*, 212 A.3d 1179, 1185 (Pa. Cmwlth. 2019). Further, "'[e]ach error identified in the [Appellate Rule 1925(b) S]tatement will be deemed to include every subsidiary issue which was raised in the trial court.' Pa.R.A.P. 1925(b)(4)(v)." *Dresher*, 212 A.3d at 1185. Here, the issues

---

[3] 42 U.S.C. §§ 12131-12165.

[4] 42 U.S.C. § 2000cc-1.

[5] "[Appellate] Rule 1925 violations may be raised by the appellate court *sua sponte*[.]" *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011).

Thomas raised in his Questions Statement are not included in his Appellate Rule 1925(b) Statement.  Further, the issues Thomas raised in his Questions Statement pertaining to whether prohibiting internet access, winter clothing and sports safety equipment is a violation of Thomas' constitutional rights, are not subsidiary to the issues of public agency liability which Thomas raised in his Appellate Rule 1925(b) Statement.  Accordingly, Thomas has waived all of the issues presented to this Court on appeal.[6]

       For the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[6] Because Thomas' issues are waived, there is nothing for this Court to address.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Thomas,                         :
            Appellant                   :
                                        :
        v.                              :
                                        :    No. 626 C.D. 2019
John Wetzel, Penna. DOC                 :

# O R D E R

AND NOW, this 20th day of November, 2019, the Erie County Common Pleas Court's November 9, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge