William Cummings,  :
               Appellant  :
                 :
        v.  :
                 :  No. 446 C.D. 2024
Unit Manager Matiyasic, et al.  :  Submitted:  March 4, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE MATTHEW S. WOLF, Judge


OPINION BY
JUDGE COVEY                        FILED:  March 27, 2025


William Cummings (Cummings) appeals, *pro se*, from the Fayette County Common Pleas Court's (trial court) March 22, 2024 order dismissing Cummings' complaint as frivolous pursuant to Section 6602(e)(2) of the Prison Litigation Reform Act (Act).[1]  The issue before this Court is whether the trial court erred by concluding that Cummings waived all issues because he failed to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement).  After review, this Court remands this matter to the trial court.

Cummings is incarcerated at State Correctional Institution (SCI) at Phoenix.[2]  On October 11, 2023, Cummings initiated this action by filing a complaint (Complaint) against Unit Manager Matiyasic, Corrections Officer (C.O.) Sicklesmith, C.O. Prescott, C.O. O'Meese, C.O. McGowan, Sergeant (Sgt.) Farnham, Unit Manager Erickson, C.O. Enden, Sgt. DiPasquale, C.O. Digiacomo,

---

[1] 42 Pa.C.S. § 6602(e)(2).

[2] www.inmatelocator.cor.pa.gov/#/Result (last visited Mar. 26, 2025).

C.O. Conner, Sgt. Caufmann, C.O. Brunst, and C.O. Angelo (collectively, Respondents[3]) in this Court's original jurisdiction. *See Cummings v. Unit Manager Matiyasic, et al.* (Pa. Cmwlth. No. 468 M.D. 2023). Therein, Cummings claimed that Respondents violated his constitutional rights and that he was in imminent danger of serious bodily harm for filing grievances against Respondents. *See id.* Cummings further requested a preliminary injunction and/or temporary restraining order. *See id.*

On October 31, 2023, this Court ordered that the matter shall be transferred to the trial court because Cummings "failed to name the Commonwealth government or an officer thereof so as to vest this Court with original jurisdiction[.]" Cmwlth. Ct. 10/31/2023 Order at 1. This Court transferred the matter to the trial court on November 29, 2023. The trial court acknowledged its receipt on December 5, 2023.

On March 18, 2024, Cummings filed a motion in the trial court to proceed *in forma pauperis* (IFP). By order entered March 22, 2024, the trial court dismissed Cummings' Complaint pursuant to Section 6602(e)(2) of the Act "[b]ecause of the volume of frivolous complaints" he had filed in the trial court and this Court that were remanded to the trial court. Cummings' Br. at 5, Trial Ct. 3/22/2024 Order. On April 15, 2024, Cummings appealed from the trial court's March 22, 2024 order to this Court.[4]

---

[3] The record does not include Respondents' first names.

[4] This Court's "review is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Mohica v. SCI-Mahanoy Sec.*, 224 A.3d 811, 812 n.2 (Pa. Cmwlth. 2020) (quoting *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015)).

Cummings filed an IFP application in this Court, which this Court granted on May 3, 2024. Also, by August 1, 2024 letter, Respondents notified this Court that they "will not participate in this appeal as the matter was dismissed by the [trial] court . . . prior to service." Respondents' 8/1/2024 Letter at 1.

By April 16, 2024 order, the trial court directed Cummings to file a Rule 1925(b) Statement no later than 21 days after entry of its order. *See* Original Record (O.R.) Item 11, Trial Ct. 4/16/2024 order. The trial court's April 16, 2024 order further warned that any issue not properly included in Cummings' Rule 1925(b) Statement would be deemed waived. *See id.* Because Cummings did not file a Rule 1925(b) Statement, on June 17, 2024, the trial court issued a Statement in Lieu of Opinion, declaring: "[A]ny and all issues [Cummings] could have raised on appeal are now waived and this [trial c]ourt shall issue no further opinion." Cummings Br. at 6, in Statement in Lieu of Opinion at 1.

On August 7, 2024, Cummings filed a document in this Court entitled Motion for *Nunc Pro Tunc* (Motion), wherein he asserts that he prepared and mailed his Rule 1925(b) Statement as the trial court ordered, and, if the trial court did not receive it, Respondents may have sabotaged the filing in retaliation for his grievance actions. *See* Motion at 1-2. Before this Court can address Cummings' appeal, it must first address Cummings' Motion.

Rule 1925(b)(4)(ii) provides, in relevant part: "The [Rule 1925(b)] Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). "The function of the [Rule 1925(b) S]tatement is to clarify for the judge who issued the order the grounds on which the aggrieved party seeks appellate review - so as to facilitate the writing of the opinion." *Commonwealth v. Rogers*, 250 A.3d 1209, 1224 (Pa. 2021). Thus, Rule 1925(b)(4)(vii) specifies that "[i]ssues not included in the [Rule 1925(b)] Statement . . . are waived." Pa.R.A.P. 1925(b)(4)(vii). Correspondingly, Rule 1925(b)(3)(iv) requires trial court orders directing appellants to file Rule 1925(b) Statements to include the warning that issues not included therein are waived. *See* Pa.R.A.P. 1925(b)(3)(iv). In accordance with Rule 1925(b)(3)(iv), the trial court directed Cummings to file and serve his Rule

3

1925(b) Statement within 21 days or risk waiver.  *See* O.R. Item 11, Trial Ct. 4/16/2024 order.

In *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), the Pennsylvania Supreme Court made clear that if an appellant fails to file a timely Rule 1925(b) Statement as ordered by the trial court, all issues will be waived for purposes of appellate review.  This Court has observed: "The Supreme Court's establishment of a bright-line rule in *Lord* makes waiver under Rule 1925[(b)] automatic with no room for interpretation."[5]  *Commonwealth v. Weldon* (Pa. Cmwlth. No. 1547 C.D. 2016, filed Aug. 31, 2017), slip op. at 3;[6] *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (reaffirming *Lord's* bright-line test, expressing "disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to *Lord* and have addressed issues that should have been deemed waived"); *Commonwealth v. Butler*, 812 A.2d 631 (Pa. 2002) (reaffirming *Lord*). The complete failure by an appellant to file a Rule 1925(b) Statement certainly renders his issues subject to the same fate.  Finally, the bright-line rule applies to *pro se* prisoner appellants.  *See also Miller v. Pa. Off. of Att'y Gen.* (Pa. Cmwlth. No. 2072 C.D. 2015, filed Sept. 20, 2016) (a *pro se* prisoner waives all issues on appeal by failing to comply with the trial court's order and Rule 1925(b)); *Commonwealth v. Snyder*, 316 A.3d 178, 181 (Pa. Super. 2024) ("[U]nder Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants.").

> Here, [Cummings] failed to comply with [Rule] 1925(b).
> In the trial court's [April 16, 2024] order, [Cummings] was
> directed to file a [Rule] 1925(b) [S]tatement within [21]

---

[5] The trial court's filing of a Statement or opinion does not cure the waiver.  *See Jenkins v. Fayette Cnty. Tax Claim Bureau*, 176 A.3d 1038 (Pa. Cmwlth. 2018).

[6] Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures.  210 Pa. Code § 69.414(a).  The unreported cases herein are cited for their persuasive value.

days or else his claims would be waived. Because the trial court properly ordered [Cummings] to file a . . . Rule 1925(b) [Statement], [Cummings'] failure to do so results in the automatic waiver of his claims.

*Weldon*, slip op. at 4. Accordingly, at that time, the trial court properly concluded in its Statement in Lieu of Opinion that Cummings waived any issues he could have raised on appeal to this Court.

However, Cummings filed the Motion in this Court. Rule 1925(b)(2)(i) specifies that "[i]n extraordinary circumstances,[7] the [trial] judge may allow for the filing of a [Rule 1925(b)] Statement . . . *nunc pro tunc*." Pa.R.A.P. 1925(b)(2)(i). Moreover, where the request to file a Rule 1925(b) Statement *nunc pro tunc* is made to this Court on appeal, Rule 1925(c)(2) provides, in relevant part: "Upon application of the appellant and **for good cause shown**, an appellate court may remand in a civil case for the filing or service *nunc pro tunc* of a [Rule 1925(b)] Statement[.8]" Pa.R.A.P. 1925(c)(2) (emphasis added); *see also Greco v. City of Wilkes-Barre* (Pa. Cmwlth. No. 1425 C.D. 2019, filed May 18, 2020) (wherein, pursuant to Rule 1925(c), this Court remanded the appellant's application for leave to file a Rule 1925(b) Statement *nunc pro tunc* to the trial court for filing and disposition).

Rule 1925 does not specifically define the term *good cause*. However, this Court has observed:

Our Superior Court defined good cause as a:

---

[7] The Note to Rule 1925 describes:

In general, *nunc pro tunc* relief is allowed only when there has been a breakdown in the process constituting extraordinary circumstances. Courts have also allowed *nunc pro tunc* relief when "non-negligent circumstances, either as they relate to appellant or his counsel" occasion delay. However, even when there is a breakdown in the process, the appellant must attempt to remedy it within a "very short duration" of time.

Pa.R.A.P. 1925 (Note) (citations omitted).

[8] Prison conditions litigation and related appeals are civil in nature. *See* 42 Pa.C.S. § 6601.

5

> [s]ubstantial reason, one that affords a legal excuse. Legally sufficient ground or reason. [The p]hrase 'good cause' depends upon [the] circumstances of individual case, and finding of its existence lies largely in discretion of officer or court to which decision is committed. . . . 'Good cause' is a relative and highly abstract term, and **its meaning must be determined not only by verbal context of statute in which term is employed but also by context of action and procedures involved in type of case presented**. . . .

> *Anderson v. Centennial Homes, Inc.*, 594 A.2d 737, 739 (Pa. Super. 1991) (quoting Black's Law Dictionary 623 (5th ed. 1979)) (emphasis omitted).

> At the very least, a party asserting good cause "should explain its reasons" . . . . *Id.* . . . Moreover, an alleged "inadvertent error," without more, is "insufficient to show good cause" . . . . *Slaughter v. Allied Heating*, 636 A.2d 1121, 1125 (Pa. Super.1993). Ultimately, "[t]he determination of whether good cause has been demonstrated is trusted to the [] court's sound discretion." *Anderson*, 594 A.2d at 739; *accord Slaughter*.

*Smith v. Borough of Morrisville* (Pa. Cmwlth. No. 550 C.D. 2015, filed Oct. 23, 2015), slip op. at 6-7 (emphasis added).

Here, Cummings attests in the Motion that he mailed his Rule 1925(b) Statement to the trial court for filing pursuant to its April 16, 2024 order, and proffers Respondents' interference as a possible reason why the trial court did not receive it. *See* Motion at 1-2. Considering that the basis for Cummings' Complaint is Respondents' retaliatory treatment of him, and the trial court's record reflects that several of the trial court's mailings - including the trial court's April 16, 2024 order - to Cummings were returned to the trial court,[9] this Court concludes that Cummings

---

[9] On January 10, 2024, the trial court "received return mail," corrected Cummings' inmate number, and remailed it; on March 11, 2024, the trial court "received return mail" and remailed it; the trial court mailed its April 16, 2024 order to Cummings to file a Rule 1925(b) Statement, but

has presented more than inadvertent error, possibly rising to the level of a breakdown in the trial court's process and, thus, at least requisite good cause for this Court to remand this matter to the trial court pursuant to Rule 1925(c)(2).

Accordingly, before this Court can determine the merits of Cummings' appeal from the trial court's March 22, 2024 order, this matter is remanded to the trial court pursuant to Rule 1925(c)(2) to determine whether Cummings' Rule 1925(b) Statement shall be accepted *nunc pro tunc*.

_____
ANNE E. COVEY, Judge

---

it was returned to the trial court marked "RETURN TO SENDER. UNABLE TO FORWARD." O.R. Item 13, Envelope. Although the mailing was further marked "remailed CM," it is unclear when or if that occurred.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Cummings,                          :
                      Appellant                   :
                                  :
        v.                                :
                                  :   No. 446 C.D. 2024
Unit Manager Matiyasic, et al.           :

## O R D E R

AND NOW, this 27th day of March, 2025, this matter is remanded to the Fayette County Common Pleas Court (trial court) for the filing and disposition of William Cummings' (Cummings) Motion for *Nunc Pro Tunc* (Motion). *See* Pennsylvania Rule of Appellate Procedure (Rule) 1925(c)(2), Pa.R.A.P. 1925(c)(2).

Cummings shall file the Motion, with his Concise Statement of Errors Complained of on Appeal pursuant to Rule 1925(b) (Rule 1925(b) Statement) appended thereto, in the trial court within 21 days of the date of this Order and shall concurrently serve copies of the Motion and Rule 1925(b) Statement on the trial court judge and the other parties pursuant to Rule 1925(b)(1).

The trial court shall dispose of the Motion and, if necessary, conduct an evidentiary hearing, within 60 days of the date of this Order. The trial court shall transmit a supplemental record to this Court within 90 days, including its order disposing of the Motion and a supplemental opinion pursuant to Rule 1925(a), Pa.R.A.P. 1925(a), if filed.

Jurisdiction is retained.

                                          _____

                                          ANNE E. COVEY, Judge