IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Cummings,                           :
                         Appellant          :
                                            :
                                            :
            v.                              :
                                            :   No. 447 C.D. 2024
C.O. Twarzik, et al.                        :   Submitted: September 9, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                 FILED:  October 6, 2025


        William Cummings (Cummings) appeals, *pro se*, from the Fayette County Common Pleas Court's (trial court) March 22, 2024 order dismissing Cummings' complaint as frivolous pursuant to Section 6602(e)(2) of the Prison Litigation Reform Act (Act).[1]  The sole issue before this Court is whether the trial court erred by concluding that Cummings waived all issues on appeal because he failed to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). After review, this Court affirms.

        Cummings is incarcerated at the State Correctional Institution (SCI) at Phoenix.[2]  On December 27, 2023, Cummings initiated this action by filing a complaint (Complaint) against Corrections Officer (C.O.) Twarzik, C.O. 2 Woolridge, C.O. Wilson, C.O. Sickelsmith, C.O. Shaw, C.O. Salisbury, Unit Manager Riddle, C.O. Pritchett, C.O. Newhouse, C.O. McWilliams, C.O. Knizier,

_____

[1] 42 Pa.C.S. § 6602(e)(2).

[2] www.inmatelocator.cor.pa.gov/#/Result (last visited Oct. 3, 2025).

C.O. Knepper, C.O. Higginbotham, C.O. 3 Guty, C.O. 2 Gustashaw, Nurse Garrett, and Nina Frankhouser (collectively, Respondents)[3] in this Court's original jurisdiction. *See Cummings v. C.O. Twardzik* (Pa. Cmwlth. No. 581 M.D. 2023).[4] Therein, Cummings sought monetary damages, claiming that his prison conditions violated his constitutional rights and that he was in imminent danger of serious bodily harm. *See id*. Cummings further requested a preliminary injunction and/or a temporary restraining order. *See id*.

On February 2, 2024, this Court ordered the transfer of this matter to the trial court because "this Court lack[ed] jurisdiction over tort actions in which the core complaint is an action for money damages[,] whether based on common law trespass or [Section 1983 of the United States Code,] 42 U.S.C. § 1983[.]" Cmwlth. Ct. 2/2/2024 Order at 1. This Court transferred the matter to the trial court on March 7, 2024. The trial court acknowledged its receipt on March 11, 2024.

By order entered March 22, 2024, the trial court dismissed Cummings' Complaint pursuant to Section 6602(e)(2) of the Act "[b]ecause of the volume of frivolous complaints" he had filed in the trial court and this Court that were remanded to the trial court. Original Record (O.R.) Item 3, Trial Ct. 3/22/2024 Order, at 1. On April 15, 2024, Cummings appealed from the trial court's order to this Court.[5]

By April 16, 2024 order, the trial court directed Cummings to file a Rule 1925(b) Statement no later than 21 days after entry of its order. *See* O.R. Item

---

[3] The record does not include all of Respondents' full names.

[4] Cummings spelled C.O. Twarzik's name Twar*d*zik in the original jurisdiction matter.

[5] This Court's "review is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Mohica v. SCI-Mahanoy Sec.*, 224 A.3d 811, 812 n.2 (Pa. Cmwlth. 2020) (quoting *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015)).

Cummings filed an application for leave to proceed in forma pauperis, which this Court granted on May 3, 2024.

6, Trial Ct. 4/16/2024 order. The trial court's April 16, 2024 order further warned that any issue not properly included in Cummings' Rule 1925(b) Statement would be deemed waived. *See id*. Because Cummings did not file a Rule 1925(b) Statement, on August 27, 2024, the trial court issued a Statement in Lieu of Opinion, declaring: "[A]ll issues which could have been raised [on appeal] are now waived, [and] th[e trial c]ourt shall issue no further opinion in this matter." O.R. Item 9, Statement in Lieu of Opinion, at 1.

By September 30, 2024 Order, this Court directed the parties to address in their principal briefs on the merits whether Cummings' failure to file a Rule 1925(b) Statement resulted in a waiver of his issues on appeal. On November 13, 2024, Cummings filed his brief, but did not address the waiver issue. By January 27, 2025 letter, the Department of Corrections notified this Court that it would not participate in this appeal, as the trial court dismissed the Complaint before Cummings served it on Respondents.

Because it is dispositive, this Court must first address whether Cummings waived the issues he raises on appeal. Rule 1925(b)(4)(ii) provides, in relevant part: "The [Rule 1925(b)] Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). "The function of the [Rule 1925(b) S]tatement is to clarify for the judge who issued the order the grounds on which the aggrieved party seeks appellate review - so as to facilitate the writing of the opinion." *Commonwealth v. Rogers*, 250 A.3d 1209, 1224 (Pa. 2021). Thus, Rule 1925(b)(4)(vii) specifies that "[i]ssues not included in the [Rule 1925(b)] Statement . . . are waived." Pa.R.A.P. 1925(b)(4)(vii). Correspondingly, Rule 1925(b)(3)(iv) requires trial court orders directing appellants to file Rule 1925(b) Statements to include the warning that issues not included therein are waived. *See* Pa.R.A.P. 1925(b)(3)(iv). In accordance with Rule 1925(b)(3)(iv), the trial court directed

Cummings to file and serve his Rule 1925(b) Statement within 21 days or risk waiver of his appellate issues. *See* O.R. Item 6, Trial Ct. 4/16/2024 order.

In *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998),[6] the Pennsylvania Supreme Court made clear that if an appellant fails to timely file a Rule 1925(b) Statement as ordered by the trial court, all issues will be waived for purposes of appellate review. This Court has observed: "The Supreme Court's establishment of a bright-line rule in *Lord* makes waiver under Rule 1925[(b)] automatic with no room for interpretation."[7] *Commonwealth v. Weldon* (Pa. Cmwlth. No. 1547 C.D. 2016, filed Aug. 31, 2017), slip op. at 3;[8] *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (reaffirming *Lord's* bright-line test, expressing "disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to *Lord* and have addressed issues that should have been deemed waived"); *Commonwealth v. Butler*, 812 A.2d 631 (Pa. 2002) (reaffirming *Lord*). The complete failure by an appellant to file a Rule 1925(b) Statement certainly renders his issues subject to the same fate. Further, the bright-line rule applies to *pro se* prisoner appellants. *See also Miller v. Pa. Off. of Att'y Gen.* (Pa. Cmwlth. No. 2072 C.D. 2015, filed Sept. 20, 2016) (a *pro se* prisoner waives all issues on appeal by failing to comply with the trial court's order and Rule 1925(b)); *Commonwealth v. Snyder*, 316 A.3d 178, 181 (Pa. Super. 2024) ("[U]nder Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants.").

---

[6] *Lord* has been *superseded by statute on other grounds as stated in Commonwealth v. Burton*, 973 A.2d 428, 431 (Pa. Super. 2009). *See Twp. of Cranberry v. Spencer*, 304 A.3d 65 (Pa. Cmwlth. 2023).

[7] The trial court's filing of a statement in lieu of opinion or opinion does not cure the waiver. *See Jenkins v. Fayette Cnty. Tax Claim Bureau*, 176 A.3d 1038 (Pa. Cmwlth. 2018).

[8] While not binding, unreported opinions of this Court issued after January 15, 2008, may be cited for their persuasive authority pursuant to Rule 126(b), Pa.R.A.P 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). The unreported cases herein are cited for their persuasive value.

> Here, [Cummings] failed to comply with [Rule] 1925(b).
> In the trial court's [April 16, 2024] order, [Cummings] was
> directed to file a [Rule] 1925(b) [S]tatement within [21]
> days or else his claims would be waived. Because the trial
> court properly ordered [Cummings] to file a . . . Rule
> 1925(b) [Statement], [Cummings'] failure to do so results
> in the automatic waiver of his claims.

*Weldon*, slip op. at 4. Accordingly, there is nothing for this Court to review.

 For all of the above reasons, the trial court's March 22, 2024 order is

affirmed.


          _____
          ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Cummings, :
          Appellant :
 :
v. :
 : No. 447 C.D. 2024
C.O. Twarzik, et al. :

# O R D E R

AND NOW, this 6th day of October, 2025, the Fayette County Common Pleas Court's March 22, 2024 order is affirmed.

_____
ANNE E. COVEY, Judge