IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Cummings,                          :
                Appellant      :
                               :
       v.                              :
                               :   No. 446 C.D. 2024
Unit Manager Matiyasic, et al.        :   Submitted: September 26, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE MATTHEW S. WOLF, Judge


OPINION BY
JUDGE COVEY                                  FILED: October 27, 2025


       William Cummings (Cummings) appeals, *pro se*, from the Fayette County Common Pleas Court's (trial court) March 22, 2024 order dismissing Cummings' complaint (Complaint) as frivolous pursuant to Section 6602(e)(2) of the Prison Litigation Reform Act (Act).[1] The sole issue before this Court is whether Cummings waived all of his appellate issues by failing to timely file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). After review, this Court affirms.

       Cummings is incarcerated at the State Correctional Institution (SCI) at Phoenix.[2] On October 11, 2023, Cummings initiated this action by filing the Complaint against Unit Manager Matiyasic, Corrections Officer (C.O.) Sicklesmith, C.O. Prescott, C.O. O'Meese, C.O. McGowan, Sergeant (Sgt.) Farnham, Unit Manager Erickson, C.O. Enden, Sgt. DiPasquale, C.O. Digiacomo, C.O. Conner,

---

[1] 42 Pa.C.S. § 6602(e)(2).
[2] *See* www.inmatelocator.cor.pa.gov/#/Result (last visited Oct. 24, 2025).

Sgt. Caufmann, C.O. Brunst, and C.O. Angelo (collectively, Respondents)[3] in this Court's original jurisdiction. *See Cummings v. Unit Manager Matiyasic* (Pa. Cmwlth. No. 468 M.D. 2023). Therein, Cummings claimed that Respondents violated his constitutional rights and that he was in imminent danger of serious bodily harm for filing grievances against Respondents. *See id.* Cummings further requested a preliminary injunction and/or temporary restraining order. *See id.*

On October 31, 2023, this Court ordered that the matter shall be transferred to the trial court because Cummings "failed to name the Commonwealth government or an officer thereof so as to vest this Court with original jurisdiction[.]" Cmwlth. Ct. 10/31/2023 Order at 1. This Court transferred the matter to the trial court on November 29, 2023. The trial court acknowledged its receipt on December 5, 2023.

On March 18, 2024, Cummings filed a motion in the trial court to proceed *in forma pauperis* (IFP). By order entered March 22, 2024, the trial court dismissed Cummings' Complaint pursuant to Section 6602(e)(2) of the Act "[b]ecause of the volume of frivolous complaints" he had filed in the trial court and this Court that were remanded to the trial court. Cummings' Br. at 5, Trial Ct. 3/22/2024 Order. On April 15, 2024, Cummings appealed from the trial court's March 22, 2024 order to this Court.[4]

By April 16, 2024 order, the trial court directed Cummings to file a Rule 1925(b) Statement no later than 21 days after entry of its order. *See* Original

---

[3] The record does not include Respondents' first names.

[4] This Court's "review is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Mohica v. SCI-Mahanoy Sec.*, 224 A.3d 811, 812 n.2 (Pa. Cmwlth. 2020) (quoting *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015)).

Cummings filed an IFP application in this Court, which this Court granted on May 3, 2024. By August 1, 2024 letter, Respondents notified this Court that they "will not participate in this appeal as the matter was dismissed by the [trial] court . . . prior to service." Respondents' 8/1/2024 Letter at 1.

2

Record (O.R.) Item 11, Trial Ct. 4/16/2024 order. The trial court's April 16, 2024 order further warned that any issue not properly included in Cummings' Rule 1925(b) Statement would be deemed waived. *See id.* Because Cummings did not file a Rule 1925(b) Statement, on June 17, 2024, the trial court issued a Statement in Lieu of Opinion, declaring: "[A]ny and all issues [Cummings] could have raised on appeal are now waived and this [trial c]ourt shall issue no further opinion." Statement in Lieu of Opinion at 1.

On August 7, 2024, Cummings filed a document in this Court entitled Motion for *Nunc Pro Tunc* (Motion), wherein he asserted that he prepared and mailed his Rule 1925(b) Statement as the trial court ordered, and, if the trial court did not receive it, Respondents may have sabotaged the filing in retaliation for his grievance actions. *See* Motion at 1-2. By March 27, 2025 Order, while retaining jurisdiction, this Court remanded this matter to the trial court pursuant to Rule 1925(c)(2) to determine whether Cummings' Rule 1925(b) Statement filed with the trial court shall be accepted *nunc pro tunc*. On April 9, 2025, Cummings filed the Motion in the trial court with his Rule 1925(b) Statement. On April 11, 2025, the trial court issued a Supplemental Rule 1925(a) Opinion, therein denying the Motion without a hearing,[5] and incorporating herein its supplemental opinion in *Cummings*

---

[5] The trial court declared:

> [The trial court has] not scheduled an [e]videntiary [h]earing on the matter, as [it] anticipate[s] [Cummings] to testify in accordance with his [M]otion proffering Respondents' interference as a possible reason why the trial court did not receive [his Rule 1925(b)] Statement. [The trial court] believe[s] an [e]videntiary [h]earing would only consist of [Cummings'] testimony, as none of the Respondents have been served, many of them are not identified by first names, and [Cummings] does not identify which Respondents, if any of the ones name[d], were responsible for this possible sabotage. Therefore, [the trial court] conclude[s] that an

3

*v. Brunst* (Pa. Cmwlth. No. 768 C.D. 2023). The trial court remitted its record back to this Court.

Initially, when a trial court orders an appellant to file a Rule 1925(b) Statement, he must do so within 21 days and "concisely identify each error that [he] intends to assert with sufficient detail to identify the issue to be raised for the judge[,]" Rule 1925(b)(4)(ii), Pa.R.A.P. 1925(b)(4)(ii), or risk waiving those issues. *See* Rule 1925(b)(4)(vii), Pa.R.A.P. 1925(b)(4)(vii).

In *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), the Pennsylvania Supreme Court made clear that if an appellant fails to file a timely Rule 1925(b) Statement as ordered by the trial court, all issues will be waived for purposes of appellate review. This Court has observed: "The [Pennsylvania] Supreme Court's establishment of a bright-line rule in *Lord* makes waiver under Rule 1925[(b)] automatic with no room for interpretation." *Commonwealth v. Weldon* (Pa. Cmwlth. No. 1547 C.D. 2016, filed Aug. 31, 2017), slip op. at 3;[6] *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (reaffirming *Lord's* bright-line test, expressing "disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to *Lord* and have addressed issues that should have been deemed waived"); *Commonwealth v. Butler*, 812 A.2d 631 (Pa. 2002) (reaffirming *Lord*). The complete failure by an appellant to file a Rule 1925(b) Statement certainly renders his issues subject to the same fate. Finally, the bright-line rule applies to *pro se* prisoner appellants. *See also Miller v. Pa. Off. of Att'y Gen.* (Pa. Cmwlth. No. 2072 C.D. 2015, filed Sept. 20, 2016) (a *pro se* prisoner

---

[e]videntiary [h]earing would not assist the [trial] court in deciding the merits of the [M]otion.

Supplemental 1925(a) Op. at 1.

[6] Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a). The unreported cases herein are cited for their persuasive value.

waives all issues on appeal by failing to comply with the trial court's order and Rule 1925(b)); *Commonwealth v. Snyder*, 316 A.3d 178, 181 (Pa. Super. 2024) ("[U]nder Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants.").

> Here, [Cummings] failed to comply with [Rule] 1925(b). In the trial court's [April 16, 2024] order, [Cummings] was directed to file a [Rule] 1925(b) [S]tatement within [21] days or else his claims would be waived. Because the trial court properly ordered [Cummings] to file a . . . Rule 1925(b) [Statement], [Cummings'] failure to do so results in the automatic waiver of his claims.

*Weldon*, slip op. at 4. Because Cummings failed to timely comply with the trial court's April 16, 2024 order and Rule 1925(b), he waived all of the issues he purported to raise on appeal from the trial court's order dismissing his appeal as frivolous.

Based on the foregoing, the trial court's March 22, 2024 order is affirmed.

_____
ANNE E. COVEY, Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Cummings,               :
             Appellant         :
                                :
        v.                  :
                                :    No. 446 C.D. 2024
Unit Manager Matiyasic, et al.    :

## O R D E R

AND NOW, this 27th day of October, 2025, the Fayette County Common Pleas Court's March 22, 2024 order is affirmed.

_____
ANNE E. COVEY, Judge